## THE STATE v. RENO ET AL.

1. **Criminal Law:** CIRCUMSTANTIAL EVIDENCE: WHAT FACTS MAY BE PROVED BY. When the state undertakes to establish the guilt of one accused of crime by circumstantial evidence, it is entitled to prove not only such circumstances as tend directly to show his guilt; but any competent evidence, though circumstantial, which tends to prove any material fact in the case, is admissible. For example see opinion.

2. **Instructions:** REPETITION NOT REQUIRED. Where the court gave the *substance* of an instruction asked, it was not error to refuse to give the instruction in the *form* in which it was asked.

3. **Larceny:** PUNISHMENT NOT EXCESSIVE. A sentence of five years in the penitentiary *held* not, under the circumstances of the case, (see opinion,) excessive for the larceny of two pairs of harness, a robe and one pair of fly-nets.

*Appeal from Hardin District Court.*

SATURDAY, DECEMBER 12.

THE defendants were convicted of the larceny of two pairs of harness and a robe, and one pair of fly-nets, and one celluloid ring, and were each sentenced to a term of imprisonment in the penitentiary, and from this judgment they appeal.

*Huff & Pillsbury*, for appellants.

*A. J. Baker, Attorney-general*, for the State.

REED, J.—The evidence introduced on the trial tends to prove that the property described in the indictment was stolen from the barn of the owner, in Iowa Falls, on the night of September 3, 1884. On the morning of the fourth the defendants left Iowa Falls in the way car of a freight train going north on the Burlington, Cedar Rapids & Northern Railway. This train was made up at Iowa Falls, and the way car had stood during the night on a side track at that place. At about twenty minutes after five o'clock in the morning the way car was run onto the main track near the platform, where it stood until the train started, which was at twenty-five minutes after six o'clock. While the car stood at the platform there was put aboard of it by some person two small valises and three large ones, but it is not shown by whom this was done. This baggage was not billed or consigned to any person. The defendants were ticketed from Iowa Falls to Livermore, and they were the only passengers on the car when it left Iowa Falls. The conductor and rear brakeman of the train, however, rode in the car, and, in addition to these, there was also another employe of the railroad company who worked on another division of the road. When the train arrived at Goldfield the defendants were arrested by an officer who lived at that place, and they and said valises were removed from the train. The railroad employe spoken of above left the train at Clarion, a station between Iowa Falls ond Goldfield. When they were arrested the defendants admitted that the two small valises belonged to them. But denied that they had anything to do with the large ones. The stolen property, except the celluloid ring, was found in the large valises. Other articles were also found in them, among which were parts of a harness which did not belong to those stolen at Iowa Falls.

During the day after their arrest defendants were kept at a hotel in Goldfield. At one time during the day the officer permitted them to go to a water-closet in the rear of the hotel. Soon after they returned from there a man, who was then a resident of Goldfield, went to the same water-closet, and when he returned to the hotel he delivered to the officer who had the defendants in custody a celluloid ring, which the evidence tends strongly to prove is the same that was stolen with the harness. This man, however, died before the trial, and the circumstances under which he found the ring are not shown with certainty.

It is shown that the defendants were in Hampton, Franklin county, on the third of September, and that they then had in their possession certain harness which they procured an auctioneer to sell at public outcry on the street. One pair of these harness was not perfect, some of the parts being wanting; and the state claims that it was the missing portion of this harness which was found in the valises with the stolen property, and the evidence tends strongly to establish this claim.

I. It is urged by counsel for the defendants that the evidence with reference to the transaction at Hampton on the third of September is incompetent, and should have been excluded on their objection. They contend that, as that transaction had no connection with the larceny of the property at Iowa Falls, the evidence with reference to it has no tendency to connect the defendants with the commission of that offense. Their position, in effect, is that when the state undertakes to establish the guilt of one accused of crime by circumstantial evidence, it is entitled to prove only such circumstances as tend directly to show his guilt. But this view of the rule on the subject is entirely too narrow. Any competent evidence which tends to prove any material facts in the case is admissible. Any distinct fact which the state is required to establish may be proven by circumstantial evidence; for any cir-

1. CRIMINAL law: circumstantial evidence: what facts may be proved by.

The State v. Reno et al.

cumstance which tends to establish such fact has necessarily some tendency to prove the charge. In this case, the effort of the state was to prove that the defendants had the stolen property in their possession. As tending to establish this fact, it proved that the valises containing the property was put on the car at the station at which they entered it, and that it was not consigned to any person, and that they were the only passengers who entered the car at that station. It cannot be denied that these facts had some tendency to prove that they are the persons who placed the valises on the car. Now, if it could be shown that, in addition to the stolen property, the valises contained portions of the harness which they had in their possession at Hampton on the day before, this would be an additional circumstance tending to connect them with said valises. While it is true, then, that the fact that they sold harness at Hampton on the third of September, standing alone, has no tendency to prove that they stole the property in question, the fact that the valises in which the stolen property was found also contained the missing portions of the harness which they sold there, does tend to prove that they are the persons who placed the valises on the train, and consequently that they had the stolen property in possession. It was on this theory that the evidence was admitted, and we think it is competent.

II.  Counsel for the defendants asked the district court to instruct the jury that they would not be warranted in finding that defendants had the stolen property in their possession from the fact alone that it was found in the way car in which they were travel-

2. INSTRUC-
TIONS:
repetition not
required.

ing. The court refused to give these instructions as written by counsel, but, on his own motion, told the jury substan-tially the same thing. The defendants were therefore not prejudiced by the refusal to give the instructions asked.

III.  The district court sentenced the defendants each to be imprisoned in the penitentiary for the term of five years, and

3. LARCENY:
punishment
not excessive.

we are asked, if we cannot reverse the judgment, to reduce the punishment. The jury, we think, were fully justified by the evidence in finding the defendants guilty. There is nothing in the circumstances of the crime to recommend the guilty parties to the mercy of the court. It was a wanton invasion of the property rights of a citizen; and if the defendants are guilty, as we think they are, they have not been dealt with too harshly. We think the case is not one in which we would be justified in interfering with the judgment of the trial court.

AFFIRMED.