THE STATE v. ELSHAM.

1. **Larceny from Dwelling:** IN DAY-TIME AND NIGHT-TIME: INDICTMENT: DUPLICITY. An indictment which in one count charges larceny from a dwelling in the night-time, (Code, § 3903,) and in another count charges the same larceny in the day-time, (Code, § 3904,) is not bad for duplicity.

2. **Criminal Law:** REASONABLE DOUBT: DEFINITION AND EFFECT OF. *State v. Pierce*, 65 Iowa, 85, followed, in considering an instruction defining and stating the proper effect of a reasonable doubt. (For the instruction, which is approved by the court, see opinion.)

3. ———: CIRCUMSTANTIAL EVIDENCE: DUTY OF JURY: INSTRUCTIONS. Where circumstantial evidence is relied on for a conviction, it is proper, and often necessary, for the court to admonish the jury as to their duty in dealing with it; and in such cases the jury should be admonished (as was done by the instructions in this case—see opinion) that such evidence should be fairly and reasonably considered, and that such deductions and inferences should be drawn from the facts and circumstances proven as would be drawn from them by just and reasonable men if they were called upon to take action with reference to them in the grave and important affairs of life.

*Appeal from Cerro Gordo District Court.*

WEDNESDAY, DECEMBER 22.

THE defendant was convicted of the larceny of a watch by the verdict of a jury, and he appealed from the judgment pronounced against him.

*J. E. E. Markley*, for appellant.

*A. J. Baker*, *Attorney-general*, for the State.

Reed, J.—I. The indictment is in two counts. In the first count it is charged that the larceny was committed in a

1. LARCENY from a dwelling : in day-time and night-time: indictment: duplicity.

dwelling-house in the night-time. In the second count it is charged that the offense was committed in a dwelling-house in the day-time. It is also averred that the matters and things charged in the second count are the same transactions alleged in the first count. The defendant demurred to the indictment on the ground that it charges two offenses. He also moved the court to require the district attorney to elect upon which count he would proceed. The demurrer and motion were overruled.

Section 3903 of the Code is as follows: "If any person, in the night-time, commit larceny in any dwelling-house, store, or in any public or private building, or any boat, vessel or water-craft, when the value of the property stolen exceeds the sum of twenty dollars, he shall be imprisoned in the penitentiary.      *      *      *"      Section 3904 is as follows: "If any person, in the day-time, commit larceny as specified in the preceding section, and the value of the property stolen exceeds twenty dollars, he shall be punished.      *      *      *"

The theory of the demurrer and motion is that these sections define separate and distinct offenses. But this is not correct. The preceding section (section 3902) defines the crime of larceny, and prescribes the punishment for that offense when there are no circumstances of special aggravation. The sections quoted merely point out certain circumstances which are an aggravation of the offense, and will subject the offender to a severe penalty. The crime denounced in both sections is larceny. The facts of the time and place of the commission of the offense affect only the degree of punish-

ment which shall be imposed upon the offender. This is clear from the language of the sections. While but one offense can be charged in the indictment, it may be charged in different forms to meet the testimony. Code, § 4300. That is what was done in the present case.

II. The evidence which tended to connect the defendant with the commission of the offense was purely circumstantial. The district court gave the following instructions to the jury:

2. CRIMINAL law: reasonable doubt: definition and effect of.

" (1) If there is a reasonable doubt of the defendant being proven guilty, he must be acquitted. In criminal cases, full and satisfactory proof of guilt is required. No mere weight of evidence will warrant a conviction, unless it be so strong and satisfactory as to remove from your minds all reasonable doubt of the guilt of the accused. In considering this case, you are not to go beyond the evidence to hunt for doubts. Nor should you entertain such doubts as are merely chimerical, or are based upon groundless conjecture. A doubt, to justify an acquittal, must be reasonable, and arise from a candid and impartial consideration of all the evidence in the case, and then it must be such a doubt as would cause a reasonable, prudent and considerate man to hesitate and pause before acting in the grave and more important affairs of life. If, after a careful and impartial consideration of all the evidence in the case, you can say and feel that you have a firm and abiding conviction of the guilt of the defendant, and are fully satisfied of the truth of the charge to a moral certainty, then you are satisfied beyond a reasonable doubt.

" (2) Jurors are not artificial beings, governed by artificial or fine-spun rules; but they should bring to the consideration of the evidence before them their every-day common sense and judgment, as reasonable men; and those just and reasonable inferences and deductions which you, as men, would ordinarily draw from facts and circumstances proven in the case, you should draw and act on as jurors.

" (3) Circumstantial evidence is to be regarded by the

jury in all cases. It is many times quite as conclusive in its convincing power as direct and positive evidence of eye-witnesses. When it is strong and satisfactory, the jury should so consider it, neither enlarging nor belittling its force. It should have its just and fair weight with the jury; and if, when it is all taken as a whole, and fairly and candidly weighed, it convinces the guarded judgment, the jury should act on such conviction. You are not to fancy situations or circumstances which do not appear in the evidence, but you are to make those just and reasonable inferences from circumstances proven which the guarded judgment of a reasonable man would ordinarily make under like circumstances."

In the case of *State v. Pierce*, 65 Iowa, 85, we had occasion to consider an instruction in the same language as the one first quoted above, and we there held that, while the single clause which was objected to by counsel might not, if it stood alone, meet our approval, the instruction as a whole was not objectionable.

The other instructions were given in answer to a question by the jury, who returned into court for further instruction after the cause had been submitted to them, and they had deliberated upon it for some time. We think they do not afford the defendant any just ground of exception. They relate merely the rules by which the jury ought to be governed in their consideration of the circumstantial evidence in the case. In effect, the jury were directed by them to bring to the consideration of the question before them their best judgment as reasonable men, and that they ought to make such deductions from the circumstances as would be drawn by the guarded judgment of reasonable men under like circumstances. There was doubtless an apparent necessity for instructing on the question. Jurors are often reluctant to find a verdict of conviction on evidence of that character, however convincing the circumstances proven may be, and the weight and value of such testimony are often disparaged by counsel for the defendant in

3. ——: circumstantial evidence: duty of jury: instructions.

criminal causes. It is therefore proper, in any case in which evidence of that character is relied upon, for the court to admonish the jury as to their duty in dealing with it, and it doubtless often happens that a necessity exists for the court to do this in order to secure a just and faithful administration of the law. In such cases, the jury should be admonished that such evidence should be fairly and reasonably considered and that such deductions and inferences should be drawn from the facts and circumstances proven as would be drawn from them by just and reasonable men if they were called upon to take action in the grave and important affairs of life with reference to them. In effect, that is all that was done in the present case.

We find no ground in the record for disturbing the judgment.

Affirmed.