STATE OF IOWA, Appellant, v. C. R. LOREY, Appellee.

**MOTOR VEHICLES:** Operation While Intoxicated. Evidence reviewed, and held clearly to present a jury question on the issue whether defendant operated a motor vehicle while intoxicated.

*Appeal from Polk District Court.*—W. G. BONNER, Judge.

MARCH 11, 1924.

THE defendant was indicted for the crime of operating a motor vehicle while intoxicated. The court sustained the defendant's motion for a directed verdict, and the State appeals. —*Reversed.*

*Ben J. Gibson,* Attorney-general, *Vernon R. Seeburger,* County Attorney, and *Clarence I. Spencer,* Assistant County Attorney, for appellant.

*C. H. Miller,* for appellee.

FAVILLE, J.—Chapter 275 of the Acts of the Thirty-eighth General Assembly provides:

"Whoever operates a motor vehicle while in an intoxicated condition shall be guilty of a misdemeanor, and shall be punished as provided by Section 4906 of the Code."

Appellee was charged with violation of this statute. The evidence in behalf of the State disclosed that, on or about the date charged in the indictment, a Ford car collided with a Ford coupe near a street intersection in the city of Des Moines. A policeman who heard the crash, and who was standing across the street from where the collision occurred, went immediately to the place of the collision; and he testified that at that time there were two men in the Ford car, both of whom were intoxicated. He said that appellee at that time was at the wheel of the Ford car; that he was lying over on the wheel in a limp condition, and was so under the influence of liquor that he could not control the car, and was not able to handle himself. The officer called the patrol wagon, and took appellee to jail.

There was abundant evidence in the record that appellee was at the time in an intoxicated condition. Appellee later admitted to witnesses that he was intoxicated at the time. On cross-examination, the officer testified that he did not see the car until the crash, and that the first he saw of appellee was when he arrived at the car.

The motion to direct a verdict was made on the ground that the evidence failed to show that appellee "was engaged in the

operation of said automobile." The motion was sustained. The ruling of the court was clearly erroneous. The evidence was ample to take to the jury the question as to whether or not appellee "was engaged in the operation of said automobile." The witness for the State testified that he heard the crash of the collision. He went immediately across the street to the car, and found appellee in the car, at the wheel, in an intoxicated condition. It was quite impossible, under the evidence, for this drunken man to have gotten into the car at the wheel in the brief length of time that intervened between the time the witness heard the crash and the time when he arrived at the car. The case presented all the essential facts for the determination of the guilt of appellee by the jury, and in fact, upon the evidence, the conclusion of guilt is quite irresistible. That a conviction of crime may rest upon circumstantial evidence alone has been declared by this and many other courts with great frequency.

We fail to find any justification in the record for the order sustaining appellee's motion for a directed verdict. The action of the trial court must be, and it is,—*Reversed.*

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.