STATE OF IOWA, Appellee, v. RALPH ALBERT ANDERSON, Appellant.

No. 41533.

MARCH 7, 1933.

REHEARING DENIED SEPTEMBER 29, 1933.

E. L. O'Connor, Attorney-general, Walter Maley, Assistant Attorney-general, and L. R. Johnson, County Attorney, for appellee.

Doran, Boone & Doran, for appellant.

UTTERBACK, J.—The appellant was indicted on the 6th day of October, 1931, by the grand jury of Boone county, Iowa, for the crime of illegal transportation of liquor. The indictment further charged that on the 8th day of April, 1929, he was convicted in the district court of Boone county, for the crime of maintaining a liquor nuisance, and also that on the 22d day of January, 1930, he was convicted in the district court of Boone county, Iowa, for the crime of illegal transportation of intoxicating liquors.

The evidence in the case shows that on the 18th day of June, 1931, James Reid, chief of police of the city of Boone, Iowa, who was also a special deputy sheriff, together with his son, Blaine Reid, and one Raymond Deering, was driving on a country road at a point approximately nine miles east of the city of Boone, when they saw an Auburn coupe automobile, standing along the side of the road. Mr. James Reid stopped his automobile, jumped upon the running board of the Auburn coupe, and found the appellant sitting in the

driver's seat. There were five gallons of alcohol in the driver's seat, and also a loaded thirty-eight caliber revolver. The officer searched the coupe and found fifty gallons of alcohol in the rear compartment of the coupe. The alcohol was in one and five gallon cans. The appellant was alone. No one saw him move the automobile. The officer placed the appellant under arrest, took him to Boone, together with the coupe and its contents.

The record shows that on the 8th day of April, 1929, Ralph Albert Anderson was convicted in Boone county of the crime of maintaining a liquor nuisance, and also that on the 22d day of January, 1930, Ralph Albert Anderson was convicted in the district court of Boone county, Iowa, of the crime of illegal transportation of intoxicating liquors.

The witness John Reid, Jr., deputy clerk of the district court of Boone county, Iowa, identified the district court records showing the above convictions. He was the only witness that testified in the case on the question of the identification of the appellant as being one and the same person as the Ralph Albert Anderson, defendant in each of the convictions above referred to.

At the close of the state's testimony, the appellant, by proper motion, moved the court to withdraw from the consideration of the jury the allegations of the indictment respecting prior convictions, and also to withdraw from the consideration of the jury all the evidence respecting the alleged prior convictions, and the identification of the appellant as being one and the same person convicted in said cases. The motion was overruled. Thereafter, the appellant moved the court to direct the jury to return a verdict for the appellant on the grounds set out in the motion. This motion was overruled. The appellant did not testify in the case, nor did he offer any evidence.

After the arguments of counsel had been concluded, the appellant's attorney made the following statement to the court:

"If the court please, let the record show that Mr. Johnson, the county attorney, in his closing argument, made the following statement: 'Mr. Boone represented the county at the prior convictions, here, and that he now represents the defendant at this time; that Mr. Boone, at the time of the prior convictions, was county attorney of Boone county, and there is nobody has a better knowledge as to whether the defendant Anderson, is the same party who was then convicted, than Mr. Boone, and there is nobody has a better knowledge as to whether the defendant Anderson was the defendant then

convicted, than Mr. Boone.' The defendant objects to the statement of the county attorney, as being outside of the record, and as incompetent, immaterial, irrelevant, prejudicial and unfair."

The court sustained the objection of the appellant to the alleged statement of the county attorney, and instructed the jury to wholly disregard the same. There is nothing in the record in the case to show just what the county attorney may have said, other than that above shown. The trial judge was not in the courtroom at the time the alleged statement of the county attorney was made, and the argument was not taken by the court reporter.

The jury returned a verdict finding the appellant guilty of illegal transportation of intoxicating liquor, as charged in the indictment.

In answer to two special interrogatories submitted, the jury found, first, that the appellant was one and the same person as the Ralph Albert Anderson convicted of the crime of liquor nuisance in the district court of Boone county, Iowa, on the 8th day of April, 1929, and also that appellant was one and the same person as the Ralph Albert Anderson convicted of the illegal transportation of intoxicating liquors in the district court of Boone county, Iowa, on the 22d day of January, 1930.

Motions to set aside the finding of the jury as to the special interrogatories, and a motion for a new trial, including exceptions to instructions given by the court, were all overruled, and on the 29th day of January, 1932, the court entered judgment and order committing the appellant to the penitentiary at Fort Madison, Iowa, for a period of not to exceed three years. From which judgment the appellant appeals.

■ I. Appellant claims the county attorney was guilty of misconduct in argument. No objection was made at the time the alleged statement was made. After the arguments were concluded, the attorney for the appellant made the statement and the objection and motion respecting same, hereinbefore set out. The appellant's objection and motion were sustained and the court instructed the jury to wholly disregard the statement of the county attorney. It should be noted that in this case this court does not have a transcript of the statement made by the county attorney in argument, and is, therefore, not permitted to examine the full statement made nor to know the setting and circumstances under which the statement was

made. This court has in the past many times had occasion to express its opinion on the subject of misconduct of argument.

In the case of State v. Scott, 194 Iowa 777, 190 N. W. 370, 372, this court said:

"Perfect procedure or perfect argument is a practical impossibility. In the consideration of such a question, we will look into the whole record in order to determine whether unwarranted conduct was probably prejudicial. If a case were close and doubtful in a material respect, and if the unwarranted conduct is calculated to obscure the point and to deflect the minds of the jury away from it, rather than to invite candid consideration of it, we must, of course, find prejudice more readily than otherwise. We see no way to lay down a hard and fast rule to determine when misconduct in argument or when examination of witnesses is prejudicial."

In this case, after the consideration of the record as made, we are of the opinion that the statement of the county attorney in argument was not prejudicial, and this is especially true in view of the fact that the court instructed the jury to wholly disregard the same.

II. The appellant contends that the court erroneously admitted into evidence records of alleged prior convictions, for the reason that Ralph Albert Anderson, named as defendant in said convictions, was not shown to be one and the same person as the appellant.

This court has heretofore held that the records and former convictions are not in and of themselves sufficient evidence to show that the defendant on trial and the defendant in former convictions are one and the same person, even though the names are identically the same, as in this case. See State v. Logli, 204 Iowa 116, 214 N. W. 490; State v. Smith, 129 Iowa 709, 106 N. W. 187, 4 L. R. A. (N. S.) 539, 6 Ann. Cas. 1023; and State v. Merkin, 198 Iowa 900, 200 N. W. 437.

In this case, however, we find, on examination of the record, that in addition to the identification of records of former convictions, we have the testimony of the deputy clerk of the district court of Boone county, Iowa, wherein he states that he knew the appellant personally, and that he was one and the same person as the defendant in the prior conviction set out in the indictment. While the strength of the testimony of this witness was weakened by cross-examination by appellant's counsel, yet we find that not only was

there sufficient evidence to justify the court in admitting in evidence the records of the other convictions, but that ample evidence was introduced upon which the jury could very properly have found that the appellant was one and the same person as the defendant in the other convictions charged in the indictment.

■ III. Some question is raised as to the sufficiency of the evidence to establish that liquor was alcohol fit for beverage purposes. The chief of police, after testifying as to his knowledge of alcohol and intoxicating beverages, further testified that he had examined the liquor in question and that in his judgment the contents of the cans were alcohol and intoxicating. We are satisfied as to the sufficiency of his evidence as a matter of law.

■ IV. It is the contention of the appellant that the court erred in permitting the state's witnesses to testify that a loaded thirty-eight caliber revolver was found lying in the seat of the automobile beside the appellant. We are of the opinion that the testimony was admissible as a part of the "res gestae", and that there was no error in admitting the same.

■ V. It is further contended by the appellant that the evidence offered by the state was insufficient to show transportation. In this connection it should be noted that the appellant was found sitting in the driver's seat of an automobile which was standing at the side of a country road at a point about nine miles from the city of Boone; that he was by himself; and that no one saw the defendant move the automobile. Neither did the evidence show that the car belonged to the appellant.

Having elected to stand on his motion for a directed verdict, the appellant offered no testimony at the trial, so that on the record we have the circumstance of an automobile loaded with fifty-five gallons of alcohol which must have been driven to the place where it was found, standing at the side of a country road with the defendant alone in possession thereof, and seated in the automobile with a loaded revolver lying in the driver's seat beside him. There are no other material facts in the record bearing upon the question of transportation.

The question here presented is: Was the trial court, under the above-stated circumstances, warranted in submitting to the jury the question of whether or not the defendant was guilty of illegal transportation of intoxicating liquor?

The Code of 1931, section 1945-a1, provides that:

"Any person, firm, or corporation, and any agent or employee thereof, who engages in the transportation of intoxicating liquors shall for each act of transportation be fined in a sum not exceeding one thousand dollars or be imprisoned in the county jail not exceeding one year or be punished by both such fine and imprisonment," etc.

Section 1964 of the Code of 1931, sometimes known as the "Habitual Criminal Act", provides for added penalties in the case of second and third and subsequent convictions. ·

Section 1966-a1 provides that:

"In all actions, prosecutions and proceedings, criminal or civil, under the provisions of this title, the finding of intoxicating liquors or of instruments or utensils used in the manufacture of intoxicating liquors, or materials which are being used, or are intended to be used in the manufacture of intoxicating liquors, in the possession of or under the control of any person, under and by authority of a search warrant or other process of law, and which shall have been finally adjudicated and declared forfeited by the court, shall be prima facie evidence, in any action, criminal or civil, of maintaining a nuisance or bootlegging, or of illegal transportation of intoxicating liquors, as the case may be, by such person."

The exact question here presented, has not been passed upon by this court. In the case of State v. Overbay, 201 Iowa 758, 206 N. W. 634, where the defendant's car slid into a ditch at the side of the road and was thereby stalled, the sheriff of the county drove by and found the defendant seated at the wheel operating the engine in an effort to get the car out of the ditch. The defendant was arrested and charged with the crime of operating an automobile while intoxicated. In that case, this court held that although the car was not moving, yet it was being operated within the meaning of the statute.

In the case of State v. Webb, 202 Iowa 633, 210 N. W. 751, 49 A. L. R. 1389, where the defendant was charged with the crime of operating a motor vehicle while intoxicated, the defendant had started the engine in his automobile, but had not moved the car. In that case, this court held that starting of an engine was the first step in the operating of the car, and that the defendant was operating the car within the meaning of the statute.

In the case of State v. Canalle, 206 Iowa 1169, 221 N. W. 847, 850, this court said:

"It is not necessary, to constitute unlawful transportation of intoxicating liquor, that the transportation should be completed or consummated. Proof of the possession of liquor and of present transportation is sufficient. The word 'transportation' in the liquor law does not have a technical meaning, but is employed in its ordinary sense; that is, to convey from one place to another, any real carrying about."

The question here submitted is whether or not, under the circumstances above set out, the appellant was engaged in the act of illegal transportation of intoxicating liquors. We are of the opinion, under the facts and circumstances surrounding the finding of the automobile loaded with alcohol on a country highway in the possession of the appellant, seated in the driver's seat with a loaded revolver in the seat beside him, that the trial court properly submitted the case to the jury, and the jury was reasonably justified, under said facts and circumstances, in the finding that the appellant was engaged in the act of illegal transportation of intoxicating liquor, as charged in the indictment. The court fully and fairly submitted the case to the jury, and we find no error therein requiring a reversal. The judgment of the district court is affirmed.— Affirmed.

KINDIG, C. J., and EVANS, ALBERT, DONEGAN, and STEVENS, JJ., concur.