STATE OF IOWA, Appellee, v. CALVERT HOOPER, Appellant.

No. 43555.

OCTOBER 27, 1936.

Edward O'Connor, Attorney General, and John Jarvis, County Attorney, for appellee.

H. V. Levis, for appellant.

KINTZINGER, J.—Appellant was charged with the crime of violating section 5027 of the Code of 1931, which provides that "Whoever, while in an intoxicated condition, operates a motor vehicle upon the public highways of this state, shall, upon conviction or a plea of guilty, be punished," as therein provided.

The defendant, Calvert Hooper, was arrested by the sheriff of Lucas County shortly after one o'clock a. m., June 2, 1935, for the alleged crime of operating a motor vehicle while intoxicated. There is ample evidence in the record to show that the defendant was intoxicated when arrested. The crime charged against him was that of operating a motor vehicle while intoxicated.

In order to convict of the charged crime, it was necessary to establish two propositions: First, that the defendant was intoxicated, and second, that while intoxicated he was driving a motor vehicle. Although the evidence may show that the defendant was intoxicated when arrested, there is no direct evidence showing that he was *driving the car* while intoxicated. The State attempts to show that he was so driving the car by circumstantial evidence. There is not one word of *direct* evidence in the record showing that the defendant was intoxicated while driving the car in question.

The record tends to show that a Ford car similar to the one in question was seen driving northward along the east side of the square, in Chariton. This car was driven over a barricaded pile of debris a few feet from the curbstone, and after driving over this barricade it struck another car parked on the north side of the barricade, denting the rear fender of that car. The testimony also shows that a rim and broken glass from the headlight of a Ford V-8 were found near this pile of dirt. The Ford car was then driven off north. This occurred between 11 and 11:30 p. m. Thereafter, and about 12:30 a. m., a Ford car with a flat tire was seen stuck in the mud just off the left side of the pavement at an intersection with a dirt road. The right front fender of this car was dented, and the rim and one lens were broken off. There was a rain sometime before midnight, heavy enough to wash mud onto the pavement and soften the dirt road at the place where the Ford car left the pavement.

No one saw the Ford car run into the mud and no one

knew how long it was there. No one saw who was driving the car, or how many persons were in it when it was driven off of the pavement.

The evidence chiefly relied upon by the State to show that the defendant was driving the car while intoxicated was the following:

The witness Wells testified that while driving his own car in Chariton that night between twelve and one o'clock, he saw the defendant, Calvert Hooper, approach his car from the direction of a Ford car mired in the mud. Wells did not see the defendant in the Ford car nor did he see him leave it. He does not say and no other witness says that there was no other person in the Ford car at that time or at any other time that night. He testified that the defendant asked him for a cigarette. He gave him one and told him to get into his car and they drove off to the home of Paul Laing, a garage man. Wells does not say that the defendant told him to get the garage man, but took it upon himself to wake him for the purpose of getting the Ford out of the mud. They returned to the mired car in a half hour. During that time the defendant was out of Wells' presence twice. Wells testified that while the defendant was with him he appeared to be under the influence of intoxicating liquor. After returning to the car in the road, the sheriff came along and finding Hooper intoxicated, placed him under arrest. This was shortly after one o'clock in the morning.

The following occurred before the arrest. Paul Laing, the garage man, testified that the defendant came into his place with a Miss Allen about eleven o'clock that night for the purpose of using his telephone. He saw the defendant drive up, but didn't know the. make or color of the car. He noticed the defendant's condition at that time and testified that he was not under the influence of intoxicating liquor at that time.

After that, between 11:30 and 12 o'clock, the defendant also stopped at a cafe for a lunch. The lady who waited on him there said that he was not under the influence of liquor at that time. He did not drive up to the cafe in a car, and she did not see any car in front of or around her place at that time.

The only other circumstantial evidence offered was the testimony of the witness Mitchell who saw a gray colored Ford V-8 car at eleven o'clock that night run over the edge of a pile of dirt on the east side of the street and strike the left side of a parked car.

This witness did not see how many people were in the car, and although he knew the defendant for a long time, he didn't know or recognize any person in the car.

The foregoing constitutes substantially all the circumstances relied upon by the State to sustain a conviction of the crime charged. No person saw, and there was no direct evidence tending to show that the defendant was operating the car in question while in an intoxicated condition. The facts relied upon to show that the defendant was so operating a car while intoxicated were wholly circumstantial.

At the close of the evidence, defendant moved for a directed verdict upon the ground that the evidence was wholly insufficient to prove that defendant was driving a car while intoxicated. This motion was overruled and the case submitted to the jury, which returned a verdict of guilty. Thereupon, defendant also filed a motion for a new trial, which was also overruled.

Defendant contends that the court erred in failing to direct a verdict, upon the grounds alleged, and in failing to sustain a motion for a new trial upon the same grounds.

We come then to a consideration of the question of the sufficiency of the evidence to sustain a conviction. The verdict is based wholly upon circumstantial evidence as to whether defendant was driving a car while intoxicated.

It is the well established rule of law in this state that a conviction may be sustained upon purely circumstantial evidence, if such evidence points to the defendant's guilt beyond all reasonable doubt and is inconsistent with any reasonable theory of innocence. State v. Reno, 67 Iowa 587, 25 N. W. 818; State v. Elsham, 70 Iowa 531, 31 N. W. 66; State v. Minor, 106 Iowa 642, 77 N. W. 330; State v. Grba, 196 Iowa 241, 194 N. W. 250; State v. Lorey, 197 Iowa 552, 197 N. W. 446; State v. Overbay, 201 Iowa 758, 206 N. W. 634; State v. Webb, 202 Iowa 633, 210 N. W. 751, 49 A. L. R. 1389; State v. Jenkins, 203 Iowa 251, 212 N. W. 475; State v. Dillard, 207 Iowa 831, 221 N. W. 817; State v. Anderson, 216 Iowa 887, 247 N. W. 306; 16 Corpus Juris 762.

In State v. Grba, 196 Iowa 241, loc. cit. 246, 194 N. W. 250, 252, this court, speaking through Justice Faville, said:

"The rule is so well established, and has been so frequently recognized, that a conviction of crime may rest upon circum-

stantial evidence, that it is unnecessary that we cite the authorities to sustain the rule."

It is likewise the well settled rule of law in this state that "to justify a conviction upon circumstantial evidence, the facts and circumstances relied upon * * * must not only be established beyond a reasonable doubt, but the facts, when established, must not only be consistent with the defendant's guilt, but inconsistent with any other rational hypothesis. The facts established must exclude every rational hypothesis except the ultimate fact sought to be established, to wit, that the defendant is guilty of the offense charged." State v. Bricker, 178 Iowa 297, loc. cit. 306, 159 N. W. 873, 876; State v. Johnson, 19 Iowa 230; State v. Clifford, 86 Iowa 550, 53 N. W. 299, 41 Am. St. Rep. 518; State v. Bosch, 172 Iowa 88, loc. cit. 92, 153 N. W. 73; State v. Smith, 207 Iowa 1345, 1348, 224 N. W. 594.

In the case at bar the State relies chiefly upon State v. Lorey, 197 Iowa 552, 197 N. W. 446, and State v. Anderson, 216 Iowa 887, 247 N. W. 306, to sustain the conviction herein.

In State v. Lorey, 197 Iowa 552, 197 N. W. 446, the lower court sustained defendant's motion for a directed verdict. In that case, loc. cit. 554, this court said:

"The ruling of the court was clearly erroneous. The evidence was ample to take to the jury the question as to whether or not appellee 'was engaged in the operation of said automobile.' The witness for the state testified that he heard the crash of the collision. He went immediately across the street to the car, and found appellee in the car, at the wheel, in an intoxicated condition. It was quite impossible, under the evidence, for this drunken man to have gotten into the car at the wheel in the brief length of time that intervened between the time the witness heard the crash and the time when he arrived at the car. The case presented all the essential facts for the determination of the guilt of appellee by the jury, and in fact, upon the evidence, the conclusion of guilt is quite irresistible."

In State v. Anderson, 216 Iowa 887, loc. cit. 892, 247 N. W. 306, 308, this court said:

"Having elected to stand on his motion for a directed verdict, the appellant offered no testimony at the trial, so that on the record we have the circumstance of an automobile loaded

with fifty-five gallons of alcohol which must have been driven to the place where it was found, standing at the side of a country road with the defendant alone in possession thereof, and seated in the automobile with a loaded revolver lying in the driver's seat beside him.''

. From the evidence hereinabove disclosed, the mired Ford car could have been standing in the position in which it was seen by the witness Wells and the sheriff for at least an hour before he saw the defendant, Calvert Hooper, come from the direction of that car. Even if the defendant had been driving the car prior to the time it stopped in the mud, which was not shown, he would have had ample time to get into the condition he was in when seen by the witness Wells and the sheriff. There is, however, no testimony tending to show that defendant had been in this car, much less driving it, after he became intoxicated. There is no testimony that the defendant was the only person in the car. While it is conceded in argument that the car in question belonged to the defendant's mother, the evidence shows without dispute that Mr. Tom Hooper, defendant's father, was at the place where the car was stuck in the mud, and that he, Tom Hooper, drove the car away. Under this testimony it is more reasonable to conclude that Tom Hooper, rather than the son, was the person who was driving the car when it stopped on the road.

The evidence tends to show that the Ford in question ran over a pile of debris and struck another car parked in the street. It does not necessarily follow that because such an accident may have taken place, that the driver of the car was intoxicated. Neither does it necessarily follow that because the defendant was seen coming from the direction of the car in question, that he operated the car while in an intoxicated condition, as it was not shown that he was in the sole possession of the car at that time. In order to sustain a conviction in this case, it must be assumed from the circumstances shown, that because a witness saw the defendant coming from the direction of the Ford car, that he was the person who drove it, and that he was intoxicated while so driving.

In State v. Lorey, supra, the officer who heard the crash immediately went across the street to the car and there found the defendant in the seat behind the wheel in an intoxicated condition.

In State v. Anderson, supra, the defendant was charged with illegally transporting liquor. The car containing fifty-five gallons of alcohol was found standing at the side of a country road with the defendant alone in possession of the car, seated in the automobile with a loaded revolver in the seat beside him.

In the case at bar the defendant was not even seen in the car at the time it became stalled in the mud on the road, nor is there any evidence whatever tending to show that he was intoxicated before that time. No one testified that he was alone in the car. On the contrary, the evidence shows that the husband of the owner of the car was present at the time and drove it away. The circumstances in this case point more strongly to Tom Hooper, as being the operator of the car, than they do to the defendant.

The only witness who testified seeing the defendant driving any car that night was the witness Laing, and he didn't know what kind of a car it was. That was eleven o'clock p. m., and the testimony shows without dispute that the defendant was not under the influence of liquor at that time.

The mere fact that evidence might create a suspicion of the guilt of a party is not sufficient to warrant a conviction. State v. Vandewater, 176 N. W. 883; State v. Saling, 177 Iowa 552, 159 N. W. 255.

In the case of State v. Vandewater, 176 N. W. 883, 884, this court said:

"The most that can be said for the testimony of the state is that it creates a suspicion of the guilt of the defendant, and it goes without saying that mere suspicion is not sufficient. There must be substantive proof of guilt—some fact proven which tends to establish the substantive facts upon which the state relies for conviction. * * * and where facts and circumstances are relied upon to prove guilt, they, when established, must negative every other rational hypothesis except the guilt of the defendant, and must be inconsistent with any rational hypothesis of innocence."

The mere fact that a person drove a car over a barricaded pile of dirt in the street would not necessarily raise a presumption that the person driving it was intoxicated. Likewise, the mere fact that a car became stalled in the mud with a flat tire, would not necessarily raise a presumption that the person driving

the car was under the influence of liquor. It may be that the defendant drove the car in question, but we find no evidence in the record before us tending to show that he was intoxicated while so doing.

For the reasons hereinabove expressed, we are constrained to hold that the circumstances in this case fall short of pointing to the defendant's guilt with that degree of certainty required by the rule to justify a conviction upon circumstantial evidence.

The motion for a directed verdict, and the motion for a new trial, should have been sustained.

The case is, therefore, hereby reversed.—Reversed.

PARSONS, C. J., and ALBERT, MITCHELL, STIGER, ANDERSON, DONEGAN, HAMILTON, and RICHARDS, JJ., concur.