STATE OF IOWA, Appellee, v. J. C. BOYLE, Appellant.

No. 45491.

APRIL 8, 1941.

Jordan & Jordan, for appellant.

John M. Rankin, Attorney General, and G. K. Thompson, County Attorney, for appellee.

MITCHELL, J.—At 10:45 p. m. on the night of March 18, 1940, patrolmen M. G. Swords and Harold Parr were cruising on highway No. 30 a few miles east of Cedar Rapids when they noticed a car in the ditch on the south side of the road headed east. The car was considerably off the highway. The wheels were turned cramped toward the road. The lights were still on the car and someone was attempting to get out of the right door. The patrolmen were traveling between 40 and 45 miles an hour when they first noticed the ditched automobile. They drove 50 feet beyond it, then backed up. At that time, the defendant, J. C. Boyle, was coming from the car. The

ignition of the car was still on. The rear tires were still warm. The right rear tire was setting up on rocks or pieces of concrete that had been thrown there as a sort of foundation. The left rear tire was not on rock but was in soft dirt. The right front door of the car was still open. Mr. Boyle told the patrolmen that he drove into the ditch because, "It is better to duck off the road than get hit when you can't see." He stated that he had driven the car into the ditch. The patrolmen stated that in their opinion the defendant was intoxicated when they saw him at the side of his car in the ditch. No alcoholic containers of any kind were found in or about the car. The patrolmen after they had made a cursory examination of the car and the ditch took the defendant to Cedar Rapids County Jail where he was given the standard tests for intoxication and pronounced intoxicated by the patrolmen, the county jailer, and Dr. Terrall. It took 15 to 20 minutes to go the distance from the ditched car to the county jail with the defendant. The depth of the ditch in which the defendant's car was found was about two and one-half feet to three feet starting off at a pretty steep slope. It was about four and one-half feet to the bottom of the ditch.

A true information was filed against Boyle charging him with operating a motor vehicle while intoxicated in violation of Code section 5022.02. He entered a plea of not guilty. There was a trial to a jury, which returned a verdict of guilty, and the defendant was sentenced to pay a fine of $300. Boyle has appealed.

The crime of operating a motor vehicle while intoxicated has two elements, both of which must be proved beyond a reasonable doubt to justify conviction.

1. That the defendant was intoxicated.
2. That while intoxicated he was driving a motor vehicle.
   State v. Hooper, 222 Iowa 481, 269 N. W. 431.

In the case at bar, it is conceded by the appellant that there is sufficient evidence to justify the jury in finding that he was intoxicated when he was arrested. But in a very able argument appellant strenuously contends that there is no evidence that he was intoxicated when he drove into the ditch.

In the case of State v. Webb, 202 Iowa 633, 634, 210 N. W. 751, 49 A. L. R. 1389, this court said:

"On the night in question, at somewhere near midnight, defendant, with three women in his automobile, drove into an alley in the city of Davenport, and parked his car. He and the women left the car and went into the second story of an adjoining building, where one Mills and his wife lived. There were several other persons present in the Mills residence, and they all had something to drink and eat, and defendant says that he drank a bottle of beer and ate some sandwiches; that the beer was home brew; that, about 2:30 in the morning, defendant and his companions left the Mills home by a back stairway; that defendant seated himself in his car, and stepped on the starter, while the women were 'getting settled' in the car; that, as the back door was slammed shut, a police car appeared, and, before defendant's car had moved, defendant and his party were arrested and taken to the police station. He says his car was not in gear, but was in neutral, and that he had just stepped on the starter, and let it run for a while. The point urged most seriously is that the defendant was not 'operating' his automobile, within the meaning of the statute. * * *"

After reviewing cases from this and other jurisdictions the court said, on page 637 of 202 Iowa, page 752 of 210 N. W. (49 A. L. R. 1389):

"Turning to our own cases, we had a somewhat similar question before us in the case of State. v. Overbay, 201 Iowa 758. In that case the car had slid into a ditch, and defendant was seated at the wheel, operating the engine, and another party was behind the car, pushing, in a joint effort to get the car out of the ditch. We there held that, although the car was not moving, it was yet being 'operated,' within the meaning of the statute.

"The defendant in the case at bar testified that he had started the engine, and that it was running. This is one of the necessary elements in the operation of a car. In other words, he could not have put his car in motion without having first started the engine, and the starting of the engine, therefore, is the first step in the operation of a car. We are disposed to hold, in line with the Overbay case, that the defendant was 'operating' his car, within the meaning of the statute. The real danger that this

statute seeks to protect against is from the possible results from a drunken condition of a driver. The testimony in the case shows that they came to this place in an automobile, and had seated themselves in the car after they came down from upstairs, for the purpose of going somewhere else; and the starting of the car was the initial step in carrying out the operation of the car. We therefore hold that this contention of appellant's herein is erroneous, and that he was not entitled to the instructions for which he asked.''

In the case of State v. Hooper, 222 Iowa 481, 485, 269 N. W. 431, 433, this court said:

''It is likewise the well settled rule of law in this state that 'to justify a conviction upon circumstantial evidence, the facts and circumstances relied upon * * * must not only be established beyond a reasonable doubt, but the facts, when established, must not only be consistent with the defendant's guilt, but inconsistent with any other rational hypothesis. The facts established must exclude every rational hypothesis except the ultimate fact sought to be established, to wit, that the defendant is guilty of the offense charged.' ''

So we must look to the record in the case at bar to ascertain whether or not the facts are sufficient to justify the conviction upon circumstantial evidence.

It is conceded that appellant was intoxicated at the time he was arrested. That he had driven the car into the ditch. He told the officers that ''It was better to duck off the road than get hit when you can't see.'' That he was seen getting out of the car. That the ignition key was turned on. That the lights were burning. That the rear tires were warm. That it was about 10:45 on the evening of March 18, 1940. That the officers found appellant and his car in the ditch.

Appellant argues that there is no evidence as to how long he was in the ditch, and as to whether or not he was intoxicated at the time he drove into the ditch. That he might have become intoxicated after he drove into the ditch.

It is conceded that appellant drove the car into the ditch. The fact that the tires were warm is evidence that the car had

recently been operated. This is especially true in view of the fact that it was at 10:45 o'clock on a night in March, that the accident happened. March is one of the cold months of the year, and rubber tires on an automobile will not remain warm for any length of time after they have ceased to be run, on a night in March. There is evidence that the ignition was turned on; that the lights of the automobile were burning. This again is evidence that the car had recently been operated. There is evidence that no intoxicating liquors were found in the car or on the person of the appellant. That no liquor bottles or containers were found in or near the car. In view of the fact that it is conceded he was intoxicated at the time the officers saw him getting out of the car, and in view of all the circumstances as set out in this record, we are of the opinion that the lower court was right in submitting the case to the jury.—Affirmed.

HALE, C. J., and SAGER, BLISS, WENNERSTRUM, MILLER, GARFIELD, and OLIVER, JJ., concur.