STATE OF IOWA, for use of CITY OF DUBUQUE, appellee, v. GERALD GILBERT STEGER, appellant.

No. 52163.

1148

Kenline, Reynolds, Roedell & Breitbach, of Dubuque, for appellant.

Lawrence F. Scalise, Attorney General, Robert W. Burns, County Attorney, and R. N. Russo, City Solicitor, for appellee.

STUART, J.—In an action tried to the court without a jury, the defendant was convicted of violating section 7.1 of the City Ordinances of the City of Dubuque, Iowa, which provides:

"7.1—The driver of any vehicle involved in an accident resulting only in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of such accident until he has fulfilled the requirements of Section

7.2. Every such stop shall be made without obstructing traffic more than is necessary."

The sole issue raised on this appeal is the sufficiency of the evidence to sustain the conviction.

■■ "On a claim of insufficient evidence to sustain a conviction, we view the evidence in the light most favorable to the State. It is the fact-finder's function, not ours, to decide disputed fact questions. The finding of guilt by the trier of fact is binding upon us unless we are satisfied it is without substantial support in the evidence or is clearly against the weight thereof. State v. Stodola, 257 Iowa 863, 865, 134 N.W.2d 920, 921, and citations." State v. Greer, 259 Iowa 367, 370, 144 N.W.2d 322, 325.

■ Defendant concedes there is sufficient evidence to support a finding that his car was involved in the accident, but claims the circumstantial evidence tending to prove he was driving the car at the time of the accident is not sufficient.

John Hoppmann testified that at about 1:30 a.m. on October 10 he and his fiancée, Karen Kruser, were proceeding east in his car on Second Street in Dubuque. They stopped for a stop sign at Main Street. At that time a car headed south on Main Street made a right-hand turn onto Second Street and struck Hoppmann's rear fender. The car did not stop. Hoppmann turned his car around and followed it. He pulled alongside and then in front of the car, sounding his horn, but it kept right on going.

He testified: "I did not have an opportunity to observe who was driving the vehicle. I did have an opportunity to observe the operator was not alone. There were other people in the car with him. They were wearing Army fatigues."

He got the license number and went to the police station and reported the incident. This was 20 to 30 minutes after the collision. He examined the damage to his left rear fender and bumper and noticed red paint on the damaged portions. The car he had chased was the same color.

Karen Kruser testified substantially the same as her fiancé. On the question of identification of the driver, she testified: "I could not observe who the driver of it was. I could observe there were four or five people in the car. Anymore I couldn't

observe anything about their clothing, I would say they were wearing dark jackets or dark colored clothes."

Officer Hense testified he was on duty when Mr. Hoppmann reported the incident. He observed the damage to the Hoppmann car and took the license number and a description of the other vehicle. About 1½ hours later he observed a car answering this description on Eleventh Street. The license number matched the one furnished by Hoppmann. He knew this car belonged to defendant. Its left front fender was damaged in a location which coincided with the damage to the Hoppmann car.

He testified: "At the time we saw this car, there were occupants in it. I would say there were probably three of them. I observed the position of the occupants in the car and I do not believe there was anyone behind the wheel of the car. * * * We also observed the defendant near the car when we arrived at the scene. He was just starting across the street from the other side. He was coming from an apartment house west of Main in the alley."

Officer Herburger testified to substantially the same facts. On the question of identification of the driver he testified:

"When I saw the defendant, he was not in the car that I had examined. He was across the street from it and he was walking toward it from the other side of the street. There were two definitely in the front seat in the car and at least two to three in the back seat.

"I observed their wearing apparel. They were all wearing Army issue of clothing. Defendant was also wearing the same clothing."

■ The evidence tending to prove defendant was driving his car at the time of the accident is entirely circumstantial. However, circumstantial evidence alone may generate a jury question if it is sufficient to raise a fair inference of guilt. State v. Jones, 259 Iowa 375, 378, 144 N.W.2d 120, 122, 123, and citations.

We believe the circumstantial evidence here was sufficient to raise a fair inference of guilt. The car which the police located about 1½ hours after the collision was reported was

identified as the car which had been involved in the accident. It belonged to defendant. Defendant and all occupants were wearing Army fatigues. There was evidence from which the jury could find there were fewer people in the car when the police found it than at the time of the accident and that there was no one sitting in the driver's seat as defendant was returning to the car. We believe it proper to infer defendant had been driving the car prior to the time it was located by the police. We also believe it proper to infer that a person who had been driving the car 1½ hours after an accident was driving it at the time of the collision.

The circumstances are much stronger than those in State v. Jones, supra. There the car was not registered to defendant, although defendant and his wife drove it. The investigation did not take place until the next day. Although there had been some repaired damage to defendant's vehicle, there was no evidence which would indicate who was driving the car at the time of the accident.

We believe the additional circumstances here also distinguish this case from State v. Myers, 253 Iowa 271, 275, 111 N.W. 2d 660, 663, and State v. Hooper, 222 Iowa 481, 269 N.W. 431. The circumstantial evidence here is sufficient to raise a jury question.—Affirmed.

All JUSTICES concur except MASON, J., who dissents.
THORNTON, J., not sitting.