**STATE of Iowa, Appellee,**

v.

**Gary Wayne CORNELIUS, Appellant.**

**No. 53437.**

Supreme Court of Iowa.

March 11, 1969.

Randy Duncan, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., James Martin, Asst. Atty. Gen., and Eugene Olson, Asst. City Atty., for appellee.

LeGRAND, Justice.

On trial to the court defendant was convicted of violating section 321.264, Code of Iowa, 1966, which provides as follows:

"The driver of any vehicle which collides with any vehicle which is unattended shall immediately stop and shall then and there either locate and notify the operator or owner of such vehicle of the name and address of the driver and owner of the vehicle striking the unattended vehicle or shall leave in a conspicuous place in the vehicle struck a written notice giving the name and address of the driver and of the owner of the vehicle doing the striking and a statement of the circumstances thereof."

Defendant appeals from judgment ordering him to pay a fine of $50.00. The sole error relied on is that the evidence was insufficient to sustain a finding of guilty. We affirm the trial court.

In considering this assignment we take the evidence in its light most favorable to the State. State v. Stodola, 257 Iowa 863, 864, 134 N.W.2d 920, 921, and citations; State for Use of City of Dubuque v. Steger, 259 Iowa 1147, 1149, 147 N.W.2d 45, 46.

On October 26, 1968, Robert Copic, a Des Moines police officer, was called to investigate an automobile accident in the 3000 block of Cleveland Avenue in the city of Des Moines. There he observed a 1957 Chevrolet with a damaged left rear fender and bumper. Inquiry of the owner of this car revealed it had been hit by a car which had failed to stop after the accident. Officer Copic observed skid marks and a water trail near the damaged automobile and also observed parts of two automobiles lying in the street nearby.

The officer's search of the area quickly located another damaged car approximately three blocks away from the place of the accident. The officer testified the "damage matched on the car. I found some paint scrapings, blue chips which matched the vehicle. There was also a couple of chrome pieces that fit along the bumper and they was at the scene of the accident."

This car was parked in front of defendant's residence. Officer Copic immediately went to this house and talked first with defendant's sister, who stated her brother had been driving the automobile. The officer then awakened defendant, who was sleeping in the basement. Defendant claimed he did not know the automobile was damaged.

Defendant testified in his own behalf and admitted he had been driving the car during the evening and admitted it had been in an accident, but not while he was driving it. He stated the car was owned by his father and both he and his sister had permission to drive it. On the night

in question he had been to a party and had gone home to get the car in order to help start a friend's disabled vehicle. Unsuccessful in this effort, he had then taken the car home, parked it in front of the house, and returned to the party on foot. The party was a block from defendant's place of residence. The accident occurred within three blocks of that place.

The sole question before us is whether defendant was driving the automobile at the time it was admittedly involved in an accident. He says there is no evidence to show he was. We agree there is no direct evidence to that effect, but proof by direct evidence is not required. Circumstantial evidence is sufficient if it raises a fair inference of guilt. We have recently considered this matter in two similar cases. In State v. Jones, 259 Iowa 375, 144 N.W.2d 120, we held the evidence was insufficient to generate a jury question and reversed a conviction for violation of this same code section. In State for Use of City of Dubuque v. Steger, 259 Iowa 1147, 147 N.W.2d 45, we affirmed a conviction for violating a hit-and-run city ordinance. In both instances the evidence was largely circumstantial.

In Jones the investigation was not made until the day following the accident, and there was no evidence to show who was driving the car at any time during the night in question. There the defendant did not testify, and we held it was pure conjecture to find he was the driver of the automobile at the time of the accident. In doing so, however, we recognized again that circumstantial evidence may be sufficient to generate a jury question. We said, at page 378 of the Iowa Reports, at page 122 of 144 N.W.2d, "Of course a question for the trier of fact may be generated solely by circumstantial evidence * * * but any evidence, circumstantial or direct, must be sufficient to raise a fair inference of guilt. * * *"

In the Steger case the conviction was based almost entirely on circumstantial evidence, and we found it to be sufficient. There defendant was apprehended driving the car approximately one and a half hours after the accident. He was the owner of the car. When arrested he was dressed as witnesses said the unidentified driver of the car had been dressed at the time of the accident. We held the court was justified in finding defendant was the guilty driver.

We find the circumstances in the present case "sufficient to raise a fair inference" of defendant's guilt. There is testimony defendant was driving the car during the period when, and in the area where, the accident occurred; that the car was involved in an accident; that the keys to the car were still in defendant's possession when the officer arrived at his residence; that he was authorized to drive the car; and that his sister, who was also authorized to do so, stated her brother had been driving the automobile.

It is true defendant denies striking the car. It is also true a young lady testified she was with him during the entire evening and he was not involved in an accident. However, the trier of the facts was not obliged to accept this explanation. Neither was the court required to accept his story he left the ignition switch in the "on" position and someone may have taken the car, been involved in an accident and returned it to its parking place. These were fact questions which the court was entitled to resolve in favor of defendant or against him. Either way, we would not be justified in interfering. State for Use of City of Dubuque v. Steger, supra, and citations; State v. Greer, 259 Iowa 367, 370, 144 N.W.2d 322, 323.

As said in State v. Poffenbarger, 247 Iowa 552, 554, 74 N.W.2d 585, 586, and again in State v. Myers, 253 Iowa 271, 275, 111 N.W.2d 660, 662, a guilty verdict may not be permitted to rest upon suspicion, speculation, or conjecture, but here we have far more than that. Some of the evidence, it is true, was hearsay, but no objection to its admission was urged. Under

such circumstances any error in its admissibility is waived. State v. Halverson, Iowa, 155 N.W.2d 177, 180, and citations.

We find no error and the judgment of the trial court is affirmed.

Affirmed.

All Justices concur.