**STATE of Iowa, Appellee,**

v.

**Harold Lee CREIGHTON, Appellant.**

No. 55428.

Supreme Court of Iowa.

Oct. 18, 1972.

Reynoldson, Brown & Van Werden, Osceola, for appellant.

Richard C. Turner, Atty. Gen., and C. Joseph Coleman, Asst. Atty. Gen., and Robert C. Stewart, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REES, JJ.

LeGRAND, Justice.

Defendant's appeal following his conviction for operating a motor vehicle while under the influence of an alcoholic beverage in violation of section 321.281, The Code, alleges error in the trial court's failure to sustain his motion for a directed verdict at the close of all the evidence. We reverse; and since we hold defendant was entitled to have his motion for directed verdict sustained, we direct that a judgment of acquittal be entered.

Defendant's motion asserts the evidence was insufficient to carry the case to the jury on the following grounds: (1) There was no competent evidence to show venue in Decatur County; (2) there was no evidence to establish that defendant was the driver of the motor vehicle involved in the accident which led to his arrest; and (3) there was no evidence he was under the influence of an alcoholic beverage at the time he is alleged to have been driving.

The State counters all of defendant's arguments by relying on the principle that proof by circumstantial evidence suffices. The State claims there was enough circumstantial evidence to make a jury case.

In the case before us the State was required to prove three things: venue; that defendant was under the influence of an alcoholic beverage; and that he drove a motor vehicle while in that condition. Proof of the first two propositions, while meager, was adequate to survive a motion for directed verdict under the rule that we view the evidence in the light most favorable to the State when considering such a motion. State v. Gray, 199 N.W.2d 57, 59 (Iowa 1972); State v. Garrett, 173 N.W.2d 87, 89 (Iowa 1969).

Venue was established by resorting to the helpful circumstantial evidence rule and the even more friendly principle that in deciding venue questions we may take judicial notice of the location of towns, geographical boundaries and certain designated places when shown to be within a certain distance of an established point. State v. Wardenburg, 261 Iowa 1395, 1403, 158 N.W.2d 147, 151 (1968); State v. Ladd, 252 Iowa 487, 489, 490, 106 N.W.2d 100, 101 (1960).

We also find enough evidence—barely—to identify defendant as the driver of the vehicle involved in this single-car accident. When the patrolman arrived at the scene, defendant was wandering about in the center of the highway. He was blood-stained and had a head injury. As the officer ap-

proached him, defendant volunteered the statement, "Big God-damn deal. Harold wrecked his car. Missed a car, ran into the ditch."

We believe this terse and graphic description of the accident in which defendant used his own given name apparently to identify who drove the car into the ditch is evidence from which the jury could find defendant was driving at the time of the accident.

This brings us to the third issue the State must prove—that defendant was under the influence of an alcoholic beverage while operating a motor vehicle.

■ No sobriety tests of any kind were administered. The only evidence that defendant was "under the influence" is the opinion testimony of Officer Thomas. Clearly this made a jury question on that issue *at the time of arrest*; but that does not answer the objection raised at trial and now urged here. The ultimate question which must be answered by proof beyond a reasonable doubt is this: Was defendant in that condition while driving a motor vehicle?

We hold the record is completely silent on this vital point. The accident was a one-car event. There were no witnesses. We have no way of knowing when it occurred; how much later the highway patrolman arrived (he refused to say); or what transpired between the time of the accident and the time of arrest. This hardly meets the State's burden of proof.

■ Once more the State seeks to fall back on its circumstantial evidence argument. However, that rule becomes applicable only upon a *showing of the circumstances* from which it is said the ultimate fact may be found to exist. The circumstantial evidence rule is subject to the caveat that it must be entirely consistent with defendant's guilt and wholly inconsistent with any rational hypothesis of innocence. State v. Link, 171 N.W.2d 259, 260, 261 (Iowa 1969) and citations.

The State inexplicably failed to show anything beyond the happening of an accident and the subsequent confrontation between defendant and the officer. Other persons, including an ambulance driver, were at the accident scene before the patrolman. They were not called as witnesses. As already indicated, we do not know when the accident occurred. No search was made of the car nor of the surrounding area to disclose evidence—or the lack of it—to refute a claim defendant may have become intoxicated *after* the accident.

■ We are now asked to hold one who is under the influence of an alcoholic beverage at an established time was necessarily in that condition at some earlier unspecified moment without any evidence concerning the length of the interval between the two or of the events occurring during it. Our decisions are clear and consistent that we cannot do so. State v. Boyle, 230 Iowa 305, 307–309, 297 N.W. 312, 314 (1941); State v. Hamer, 223 Iowa 1129, 1133, 274 N.W. 885, 887 (1937); State v. Hooper, 222 Iowa 481, 485–488, 269 N.W. 431, 433 (1936); State v. Liechti, 209 Iowa 1119, 1120, 1121, 229 N.W. 743, 744 (1930). See also State v. Jones, 259 Iowa 375, 378, 144 N.W.2d 120–122 (1966) and State v. Myers, 253 Iowa 271, 274, 275, 111 N.W.2d 660, 662, 663 (1961).

■ These cases present widely differing circumstances and results, but they all have one thing in common—the fact a defendant was under the influence of an alcoholic beverage at the time of his arrest, without a showing of more, will not support a finding he was in that condition when driving a motor vehicle at some earlier time.

On the record before us, we hold defendant was entitled to a directed verdict. We accordingly reverse and remand for entry of judgment of acquittal for defendant.

Reversed and remanded for entry of judgment.