STATE of Iowa, Appellee,

v.

Thomas Anthony DOMINGUEZ,
Appellant.

No. 90–1871.

Supreme Court of Iowa.

March 18, 1992.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., Richard Crowl, County Atty., and Drew Kouris, Asst. County Atty., for appellee.

ANDREASEN, Justice.

Thomas A. Dominguez lost control of his pickup truck and ran into a tree after he had been drinking at a company picnic. He survived the accident but another person in his pickup did not. Approximately four hours after the accident, an alcohol breath test was administered to Dominguez. The results of this test indicated that he had an alcohol concentration more than .10 at the time of the test. This test result was admitted at trial. An expert witness testified as to the estimated alcohol concentration in Dominguez at the time of the accident. The jury found Dominguez guilty of homicide by vehicle (vehicular homicide). We affirm the court's judgment entered on the jury verdict.

I. *Background.*

On June 11, 1990, Dominguez, age twenty-one, spent most of the afternoon at Lake Manawa near Council Bluffs, Iowa. Dominguez was accompanied by a young woman whom he had known since high school. His employer was having a picnic at the lake, although Dominguez did not spend much time at the picnic. Rather, Dominguez and his companion spent most of their time on the beach and in a boat owned by a

friend. Both Dominguez and his companion consumed a number of beers during the afternoon.

Somewhere between 6:30–7:00 p.m., Dominguez and his companion decided to leave the park. They got into his pickup; he drove. While they were still within the boundaries of the park, Dominguez lost control of the vehicle. He was unable to bring the pickup under control before it collided with a tree, skidded and came to rest. Neither he nor his companion were wearing their seat belts.

Both Dominguez and his companion were coherent after the accident and showed only minor external signs of injury. Numerous persons sought to provide aid. The police were summoned. Although he admitted to investigating officers that he had a few beers that afternoon, none of the responding officers at that time believed Dominguez to be intoxicated. He was not given a field sobriety test nor was he requested to provide a breath sample for preliminary screening.

Dominguez and his companion were both transported to the hospital by ambulance. Dominguez was treated and released but he remained at the hospital with his family. They were later informed that his passenger died. She died from a tear in her aorta, an injury received in the accident.

Dominguez was then requested to submit to a breath test at the police station. He agreed to take the test. The breath test was performed and registered an alcohol concentration of .136. The test was given more than four hours after the accident. A little more than one week later, Dominguez was arrested and charged with homicide by vehicle, in violation of Iowa Code sections 321J.2 and 707.6A (1989), a class "D" felony.[1]

At trial, Dominguez admitted he had consumed a number of beers during the course of the afternoon. Many of the persons who arrived on the scene immediately after the accident, including police officers, testified that Dominguez did not appear to be intoxicated. Based on the results of the breath test, the prosecution produced an expert witness familiar with reverse extrapolation techniques who testified that Dominguez probably had an alcohol concentration of between .203 and .226 at the time of the accident. The jury found Dominguez guilty as charged and judgment was entered upon the verdict.

On appeal Dominguez claims: (1) The district court failed to instruct the jury that involuntary manslaughter is a lesser included offense of vehicular homicide; (2) there was insufficient evidence to support the guilty verdict; and (3) evidence that Dominguez had on prior occasions thrown beer cans from the cab into the bed of his pickup was improperly admitted. Finding no error, we affirm.

II. *Involuntary Manslaughter as a Lesser Included Offense of Vehicular Homicide.*

■ The court instructed the jury upon the charge of vehicular homicide and the lesser included offense of operating while intoxicated (OWI). The court denied Dominguez' request that the court also submit an instruction on involuntary manslaughter under Iowa Code section 707.5(2), an aggravated misdemeanor, as a lesser included offense. ·

■ We have adopted a legal elements test, with two exceptions, which is used to determine when a court must instruct on a lesser included offense. *See State v. Jeffries*, 430 N.W.2d 728 (Iowa 1988). Under this test, a lesser offense is necessarily included in the greater offense, if the greater offense cannot be committed without also committing the lesser offense. *State v. McNitt*, 451 N.W.2d 824, 825 (Iowa 1990).

The elements of the charge of vehicular homicide are that the defendant:

(1) Unintentionally caused the death of another by

(2) operating a motor vehicle

(a) while under the influence of drugs or alcohol or

1. Iowa Code section 707.6A was amended in 1990. *See* 90 Iowa Acts ch. 1251, § 55. Homi-

cide by vehicle is now a class "C" felony.

(b) while having an alcohol concentration of .10 or more.

*See* Iowa Code § 707.6A. *See also* Iowa Criminal Jury Instruction 700.19.

The elements of involuntary manslaughter are that the defendant:

(1) Unintentionally caused the death of another by

(2) commission of an act in a manner likely to cause death or serious injury.

*See* Iowa Code § 707.5(2). *See also* Iowa Criminal Jury Instruction 700.18.

When we look at the elements of vehicular homicide under section 707.6A and involuntary manslaughter under section 707.-5(2), we find that involuntary manslaughter requires that the defendant commit an act in a manner likely to cause death or serious injury. We have defined the word "act" in Iowa Code section 707.5(2) as an act which is not a public offense. *State v. Dvorsky,* 322 N.W.2d 62, 66 (Iowa 1982). This is in contrast with involuntary manslaughter under section 707.5(1), a class "D" felony, which requires the act be a public offense.

Here, one of the elements of the vehicular homicide charge is proof of an act which *is* a public offense, OWI. Thus, involuntary manslaughter under section 707.5(2) is not a lesser included offense of vehicular homicide. The court correctly denied Dominguez' requested instruction.

### III. *Sufficiency of the Evidence.*

■ After all evidence had been presented, the trial court denied Dominguez' motion for judgment of acquittal. Iowa R.Crim.P. 18(8). In reviewing a motion for judgment of acquittal based upon insufficiency of the evidence, we review all the evidence presented in the light most favorable to the State, to determine if any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *State v. Radeke,* 444 N.W.2d 476, 477 (Iowa 1989).

Dominguez does not claim his passenger's death was not caused by his unintentional acts. He argues that there was insufficient evidence that he operated the motor vehicle while under the influence of alcohol or while having an alcohol concentration of .10 or more. He urges that the testimony from numerous witnesses at the accident scene, including investigating officers, that he did not appear intoxicated, outweighs the other evidence in the case. We find, however, there was sufficient evidence to prove Dominguez was operating his pickup while *under the influence of alcohol.*

The jury was instructed:

A person is "under the influence" when, by drinking liquor and/or beer, one or more of the following is true:

1. His reason or mental ability has been affected.

2. His judgment is impaired.

3. His emotions are visibly excited.

4. He has, to any extent, lost control of bodily actions or motions.

*See* Iowa Criminal Jury Instruction 2500.5.

There was considerable evidence to support a finding that, immediately before the accident, Dominguez was speeding, he made an illegal and dangerous pass, and that he lost control of his pickup. The court further instructed:

The State does not need to prove how the defendant was driving. However, you may consider his manner of driving in deciding if he was under the influence of alcohol.

*See* Iowa Criminal Jury Instruction 2500.8. The evidence as to Dominguez' driving could be used to prove that he was under the influence of alcohol.

Dominguez admitted to consuming five or six beers during the course of the afternoon. There was also testimony from police officer Richard Stehly that Dominguez told him after the breath test had been administered, that he had consumed five or six beers in the hour immediately preceding the accident.

In addition, there was evidence as to the breath test result. Witnesses testified as to the reliability and accuracy of the intoxilyzer and the test result. Expert testimony was received as to the rate of metabolism of alcohol, the rate of absorption in to the system, the effects of alcohol on a person, the symptoms of intoxication at different levels, and the effect of individual tolerance to alcohol. The breath test result obtained

more than two hours after a person was operating a motor vehicle may be competent evidence on the question of whether a person was under the influence of alcohol. Iowa Code § 321J.18.

We think it clear that there was sufficient substantial evidence from which a jury could conclude that Dominguez was under the influence of alcohol at the time of the accident.

### IV. *Admission of Other Evidence.*

█ The State introduced photographs taken of the pickup at the scene of the accident. The photos show a shattered beer bottle on the pickup seat and bottles and cans in the bed. Dominguez testified that the beer cans and bottles were not from the day of the accident but were an accumulation that had been there for a week or two. He testified that the back window vent to the cab was open at the time of the accident and that the bottle must have entered the cab through the window at the time of impact.

Dominguez admitted on cross-examination that he occasionally drank beer while driving. He was asked if he ever "just put [empty cans and bottles] out through the vent and into the bed of [his] pickup." Objection was made to the relevancy of this question and its prejudicial nature. The court overruled the objection.

The determination of relevancy of evidence rests within the sound discretion of the trial court and will be reversed only upon a showing that such discretion has been abused. *Harris v. Jones*, 471 N.W.2d 818, 821 (Iowa 1991).

Here, the evidence was relevant in the explanation of the presence of beer cans in the bed and cab of his pickup. We do not believe that such evidence was so prejudicial as to outweigh its probative value. Iowa R.Evid. 403. There was no prejudice.

AFFIRMED.

All Justices concur except LARSON, J., who took no part.