STATE of Iowa, Appellee,

v.

**Ned Raymond WALKER, Appellant.**

No. 92–280.

Court of Appeals of Iowa.

Feb. 23, 1993.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Martha E. Boesen, Asst. Atty. Gen., and Paul L. Martin, County Atty., for appellee.

Heard by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

OXBERGER, Chief Judge.

Ned Walker appeals his conviction for driving while intoxicated which arose out of a collision with another vehicle. The other vehicle was driven by Amy Dodge. It is undisputed Walker struck the rear of the Dodge vehicle with sufficient force to push it across a street, through a street sign and on to a residential lawn. Dodge received bumps to her head and arm; the three passengers were not injured. After exiting the vehicle, Dodge and one passenger observed a pick-up truck nearby. When everyone had exited the Dodge vehicle, the pick-up driver left the scene. One of the passengers noted the license plate number of the truck.

An officer was dispatched from the scene to locate the truck. The license plate number was traced to a truck owned by Ned Walker. The officer located Walker at his parents' home. Walker greeted the officer at the door with a glass of beer in his hand. Walker permitted the officer to look at his truck. The officer noted the truck had a damaged right quarter panel and was leaking antifreeze. The officer also noticed the engine was still warm. Walker informed the officer he had drunk at least eight beers since he had returned home. Walker was transported back to the scene of the crime where a positive identification was made. Walker later admitted to colliding with the other vehicle. Walker was arrested and subsequently convicted of driving while intoxicated and leaving the scene of a personal injury accident. Walker appeals.

**Scope of Review**

Our scope of review is for correction of errors at law. Iowa R.App.P. 4.

**Discussion**

Walker contends the district court erred in refusing to grant his motion for a judgment of acquittal. He claims there was insufficient evidence to support a conviction for driving while intoxicated.

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the state, including legitimate inferences and presumptions that fairly and reasonably may be deduced from the evidence in the record. *State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984); *State v. Hall*, 371 N.W.2d 187, 188 (Iowa App.1985). Direct and circumstantial evidence are equally probative so long as the evidence raises "a fair inference of guilt and [does] more than create speculation, suspicion, or conjecture." *State v. Hamilton*, 309 N.W.2d 471, 479 (Iowa 1981). It is necessary to consider all the evidence in the record, and not just the evidence supporting the verdict, to determine whether there is substantial evidence to support the charge. *Bass*, 349 N.W.2d at 500; *Hall*, 371 N.W.2d at 188. Substantial evidence means evidence which would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *State v. LeGear*, 346 N.W.2d 21, 23 (Iowa 1984); *Hall*, 371 N.W.2d at 188.

Walker cites *United States v. DuBois*, 645 F.2d 642 (8th Cir.1981) as dispositive on this issue. In *DuBois*, the court held when there is a gap between an accident and a blood test during which time the defendant is not in custody or otherwise supervised and has consumed alcohol, evidence that he was drunk when arrested has been held insufficient to show he was drunk when the accident occurred, particularly when there was little or no evidence of intoxication or drinking at the earlier time. *Id.* at 644. Walker also claims his sufficiency challenge is supported by *State v. Creighton*, 201 N.W.2d 471 (Iowa 1972). In *Creighton*, the court noted the fact a defendant was under the influence of an

alcoholic beverage at the time of his arrest, without a showing of more, will not support a finding he was in that condition when driving a motor vehicle at some earlier time. *Id.* at 473.

We do not read *DuBois* or *Creighton* to require Walker's sufficiency challenge be sustained. Both courts recognize the importance of other evidence of intoxication at the time the defendant was operating the vehicle. We note *State v. Dominguez*, 482 N.W.2d 390 (Iowa 1992), which is the most recent in a line of Iowa cases holding the defendant's manner of driving is relevant evidence to be considered in determining whether he or she was under the influence of alcohol.

We also note the factors indicating a person is under the influence set forth in the Iowa Criminal Jury Instructions and noted in *Dominguez*. These include:

1. [R]eason or mental ability has been affected.
2. [J]udgment is impaired.
3. [E]motions are visibly excited.
4. [L]oss of control of bodily actions or motions

See Iowa Criminal Jury Instruction 2500.5.

Walker's manner of driving at the time of the collision and conduct immediately thereafter is relevant to the question of intoxication and, in this case, supports finding Walker was under the influence at the time of the collision. Walker failed to observe Dodge's left-turn signal and collided with her. He failed to render assistance and did not turn on his headlights as he left the scene.

 Leaving the scene of the collision is evidence of impaired judgment. Concealment of his vehicle after he arrived at his mother's is also evidence of impaired judgment.

Walker testified he drove from the collision to his mother's home, waited for a vehicle to be moved so he could conceal his truck in the garage and consumed eight beers, all in the span of twenty minutes. We find his testimony incredible and note the jurors were free to believe as little or as much of his testimony as they found

credible. Walker also admitted drinking two beers prior to the collision.

Thus the jury could find that the defendant had consumed eight beers during the time period ending twenty minutes after the collision and reject his testimony that the beer was consumed after the accident.

 A jury is not required to accept or give effect to testimony which it finds to be unreliable, although it may be uncontradicted. *Kaiser v. Stathas*, 263 N.W.2d 522, (Iowa 1978). In addition, "[W]e continue to adhere to the rule that juries are free to accept part of a witness's testimony and reject other portions thereof." *State v. Vargason*, 462 N.W.2d 718, 720 (Iowa App. 1990).

We think it clear that there was substantial evidence from which a jury could conclude Walker was driving under the influence at the time of the collision.

Walker next contends he received ineffective assistance of trial counsel.

 Where the record on direct appeal is not adequate to permit us to resolve the issue, we preserve the defendant's claim for postconviction proceedings so the facts may be so developed. *State v. Koenighain*, 356 N.W.2d 237, 238 (Iowa App. 1984). This also gives the allegedly ineffective attorney the opportunity to explain his or her conduct. *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978). We conclude there is an inadequate record for us to adjudicate the defense claim without counsel's explanation for his conduct. We therefore preserve defendant's ineffective assistance of counsel claim for a later proceeding.

**AFFIRMED.**

HAYDEN, J., concurs.

SACKETT, J., concurs specially without opinion.