# IN THE COURT OF APPEALS OF IOWA

No. 4-003 / 11-2088
Filed February 19, 2014

STATE OF IOWA,
        Plaintiff-Appellee,

vs.

KENNETH JAMES SHADLOW,
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Joseph M. Moothart, District Associate Judge.


        Kenneth Shadlow appeals his judgment and sentences for operating a motor vehicle while intoxicated, second offense; possession of a controlled substance (methamphetamine), second offense; and possession of a controlled substance (marijuana), second offense.  **AFFIRMED.**


        Mark D. Reed of Marberry Law Firm, P.C., Urbandale, for appellant.

        Thomas J. Miller, Attorney General, Martha Trout, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Jeremy Westendorf, Assistant County Attorney, for appellee.


        Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**VAITHESWARAN, J.**

Kenneth Shadlow appeals his judgment and sentences for operating a motor vehicle while intoxicated, second offense; possession of a controlled substance (methamphetamine), second offense; and possession of a controlled substance (marijuana), second offense. He contends (1) there is insufficient evidence to support the jury's findings of guilt and (2) his trial attorney was ineffective in several respects.

## I. Sufficiency of the Evidence

### A. Operating while intoxicated (Count I)

The jury was instructed that the State would have to prove the following elements of operating a motor vehicle while intoxicated:

> 1. On or about the 23rd day of November, 2010, the defendant operated a motor vehicle.
> 2. At that time, the defendant either: (a) was under the influence of drugs, or (b) had any amount of a controlled substance present, as measured in the defendant's blood or urine.
> (It is not necessary for all jurors to agree to just (a) or (b). It is only necessary that all jurors agree to at least one of these two alternatives.)

Shadlow focuses on the first element. He contends there was insufficient evidence to establish he "operated" the motor vehicle. The State concedes the absence of direct evidence on this element but points to circumstantial evidence supporting the jury's finding. *State v. Hopkins*, 576 N.W.2d 374, 377-78 (Iowa 1998) ("The evidence may fail to prove that an intoxicated defendant was in the process of operating a motor vehicle when the authorities found him or her. Nevertheless, circumstantial evidence may establish that the defendant *had* operated while intoxicated when driving to the location where the vehicle was

parked." (internal citations and quotation marks omitted)); *see also State v. Brubaker*, 805 N.W.2d 164, 172 (Iowa 2011) ("In a given case, circumstantial evidence may be more persuasive than direct evidence.").

The jury could have found the following facts. A Black Hawk County deputy sheriff was dispatched to a rural road after a person reported hearing a loud bang and squealing tires, followed by a male voice yelling, "God, help me." The deputy arrived within minutes to find Shadlow bloody and "staggering" down the middle of the road. Shadlow "fell" into the deputy's car, yelled that he had been in an accident, and slid down the side of the patrol car to the ground. The deputy did not see a car in the vicinity but thought Shadlow agreed that he wrecked the car around a nearby S curve. The car was found in that area.

We are obligated to view the evidence in the light most favorable to the State. *See State v. Creighton*, 201 N.W.2d 471, 472 (Iowa 1972). Examined in that light, we find the evidence sufficient to establish Shadlow's operation of a motor vehicle. *See id.* at 472-73 (finding "enough evidence—barely—to identify defendant as the driver of the vehicle involved in this single-car accident," but reversing on the "under the influence" element). Shadlow does not challenge the sufficiency of the evidence supporting the "under the influence" element. Accordingly, we affirm the jury's finding of guilt for operating a motor vehicle while intoxicated.

### B.    Possession of controlled substances (Counts II and III)

The jury received identical instructions on the crimes of possession of methamphetamine and marijuana:

1. On or about the 23rd day of November, 2010, the defendant knowingly or intentionally possessed methamphetamine [marijuana].

2. The defendant knew that the substance he possessed was methamphetamine [marijuana].

The jury was further instructed:

The law recognizes several kinds of possession. A person may have actual possession or constructive possession . . . .

A person who has direct physical control over a thing on his person is in actual possession of it. A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it. A person's mere presence at a place where a thing is found or proximity to the thing is not enough to support a conclusion that the person possessed the thing . . . .

We begin by noting that the drugs were not "on [Shadlow's] person." For that reason, Shadlow could not have been in actual possession of the drugs. *See State v. Maxwell*, 743 N.W.2d 185, 193 (Iowa 2008) ("A person has actual possession of a controlled substance when that substance is found on the person."). We turn to whether sufficient facts supported constructive possession. The focus of a constructive possession claim is on a person's ability to maintain control over the drugs. *State v. Kern*, 831 N.W.2d 149, 161 (Iowa 2013).

A reasonable juror could have found the following facts. A cigarette box was on the road "[m]aybe a couple of inches" from where Shadlow lay. The box did not appear to have been exposed to the elements or trammeled by vehicles. Separate baggies inside the cigarette box contained marijuana and methamphetamine. Nobody else was nearby. Shadlow's erratic behavior was consistent with the ingestion of drugs.

A reasonable juror could have determined that Shadlow had the ability to maintain control over the drugs and, accordingly, constructively possessed them. We affirm the jury's findings of guilt for possession of methamphetamine and marijuana.

## II.     *Ineffective Assistance of Counsel*

Shadlow claims his trial attorney was ineffective in failing to (1) preserve the claim that he lacked dominion and control over the methamphetamine and marijuana, (2) call a witness regarding the possibility that his wife was the driver of the vehicle, and (3) object to testimony regarding an ultimate fact at issue.  To prevail, Shadlow must show (1) counsel breached an essential duty and (2) prejudice resulted.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  We find the record adequate to address these claims.  *See Brubaker*, 805 N.W.2d at 171 (finding the record adequate to address an ineffective-assistance-of-counsel claim premised on a challenge to the sufficiency of the evidence).

The first issue is resolved by our conclusion that there was sufficient evidence to support a finding of constructive possession.  Because there was sufficient evidence, Shadlow's attorney did not breach an essential duty in failing to challenge the sufficiency of the evidence supporting the "dominion and control" element of the possession counts.  We preserve the second and third issues for postconviction relief.

**AFFIRMED.**