# IN THE COURT OF APPEALS OF IOWA

No. 16-0257
Filed April 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KENDRA D. KOHLMEYER,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Joel W. Barrows, Judge.

The defendant appeals her conviction for operating a motor vehicle while under the influence of alcohol, claiming insufficient evidence. **AFFIRMED.**

Les M. Blair III of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., Potterfield, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**BLANE, Senior Judge.**

A jury found Kendra Kohlmeyer guilty of operating a motor vehicle while under the influence of alcohol (OWI), third offense. She claims (1) the verdict was not supported by substantial evidence in the record and (2) the trial court erred in denying her motion for new trial where the jury verdict was contrary to the weight of the evidence. Based upon our review, we find substantial evidence supports the jury verdict and affirm.

## I. Facts and procedural background

On the evening of November 30, 2014, Kohlmeyer joined her boyfriend, Kasey Birkenbile, and her brother at a bar in Davenport. Birkenbile had been drinking for three to four hours and was intoxicated. The three drank a pitcher of beer after Kohlmeyer arrived. After finishing the pitcher of beer, they decided to go to Kohlmeyer's brother's residence. Kohlmeyer's brother drove a blue Chevy pickup truck. Kohlmeyer drove Birkenbile's white Chevy Equinox SUV with Birkenbile in the passenger seat. On the way, Kohlmeyer rear-ended her brother's pickup, which had stopped for a stop sign. As a result of the collision, the SUV's airbags deployed, Birkenbile's head struck the windshield "pretty hard" so that he was injured, and the SUV was totaled.

Other motorists immediately came upon the collision scene. One motorist, Jennifer Agent, did not see the collision, but she did notice people yelling and doubled back to check on what was the scene of the accident. Agent saw a woman arguing with a man on the side of the road. When Agent returned, the darker vehicle involved in the accident was gone. Another motorist, Charles Jackson, identified Kohlmeyer at trial as the person he saw exit from the driver's

side of the white SUV and observed she was "kind of like stumbling and stuff like that." Jackson also saw Kohlmeyer get into the blue pickup, which sped away from the scene. Jackson called 911 and followed the pickup to its destination; then he returned to the crash scene and reported to police the truck's location.

Officer Kory Griffin responded to the crash scene, where he spoke with Birkenbile and the other witnesses. After approximately thirty to forty-five minutes, Officer Griffin proceeded to the vicinity of Kohlmeyer's brother's residence to investigate the blue Chevy pickup truck. Police found the blue pickup truck with fresh rear-end damage. Kohlmeyer, her brother, and another man were located near the blue pickup truck. Officer Griffin conducted an investigation. He observed Kohlmeyer smelled of alcohol, her speech was slow and slurred, and her eyes were red, bloodshot, and watery. She had difficulty keeping her balance and almost fell over when walking to the patrol car. Kohlmeyer admitted that she was intoxicated but maintained that she had not been driving.[1] Kohlmeyer failed numerous sobriety tests administered by Griffin at the police station and declined to provide a breath sample for chemical testing. Based upon his full investigation, including interviews with witnesses at the scene, Officer Griffin, a field sobriety test instructor with approximately 200 prior OWI investigations, testified that, in his opinion, Kohlmeyer was intoxicated when operating the vehicle.

On December 23, 2014, a trial information was filed charging Kohlmeyer with Count I—operating a motor vehicle while under the influence of alcohol, third

---

[1] Kohlmeyer's statements were video and audio recorded during the police investigation, admitted into evidence, and played for the jury.

offense, in violation of Iowa Code section 321J.2 (2014); and Count II—leaving the scene of a personal injury accident in violation of Iowa Code section 321.261(1) and (2).[2]  On May 18 and 19, 2015, a jury trial was held on Count I. Following the close of the State's evidence, Kohlmeyer's attorney made a motion for judgment of acquittal, arguing that the State had failed to present sufficient evidence that Kohlmeyer was intoxicated at the time she was operating the white SUV.  The trial court denied the motion.  Kohlmeyer did not present any evidence, and after closing arguments, the jury returned a guilty verdict. Kohlmeyer then filed a motion for new trial in which she argued that the jury's verdict was not supported by substantial evidence.  The trial court denied the motion and sentenced Kohlmeyer.

## II.  Standard of review

We review a challenge to the sufficiency of the evidence for correction of errors at law.  *State v. Howse,* 875 N.W.2d 684, 688 (Iowa 2016).  "The jury's findings of guilt are binding on appeal if supported by substantial evidence." *State v. Hopkins*, 576 N.W.2d 374, 377 (Iowa 1998).  "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt."  *State v. Jorgensen,* 758 N.W.2d 830, 834 (Iowa 2008).  "We review the evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the evidence in the record."  *State v. Webb,* 648 N.W.2d 72, 76 (Iowa 2002); *see Hopkins,* 576 N.W.2d at 377.  We consider all the evidence introduced at trial, not just the evidence supporting guilt.  *Hopkins,* 576 N.W.2d at 377.

---

[2] At the commencement of the trial, Kohlmeyer pled guilty to Count II.

When a defendant raises the issue that the trial court erred in denying a motion for new trial on a claim that the verdict is contrary to the weight of the evidence, appellate review is for abuse of discretion and is not of the underlying question of whether the verdict is against the weight of the evidence. *See State v. Nicher*, 720 N.W.2d 547, 559 (Iowa 2006); *State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003).

### III.  Discussion

#### A.  Sufficiency of the evidence

The elements of operating while intoxicated as applied to Kohlmeyer are: (1) she operated a motor vehicle and (2) was intoxicated while doing so. *See* Iowa Code § 321J.2(1); *State v. Truesdell,* 679 N.W.2d 611, 616 (Iowa 2004). Although she claimed to Officer Griffin that evening that she had not operated a vehicle, Kohlmeyer no longer challenges the fact that she was operating the white SUV that rear-ended her brother's pickup.  Kohlmeyer also does not refute that she was intoxicated when Officer Griffin conducted his investigation and arrested her after the collision.  Rather, Kohlmeyer contends that the State failed to present sufficient evidence that she was intoxicated *while* she operated the white SUV.  In support of her contention, she relies primarily on *State v. Creighton*, 201 N.W.2d 471 (Iowa 1972).

*Creighton* is distinguishable for two reasons.  First, at the time *Creighton* was decided, the law regarding direct and circumstantial evidence was different. Then, the circumstantial evidence rule was subject to the caveat that the circumstantial evidence must be entirely consistent with defendant's guilt and wholly inconsistent with any rational hypothesis of innocence.  *State v. Link*, 171

N.W.2d 259, 260–61 (Iowa 1969). Now, the law is that direct and circumstantial evidence are equally probative, and the caveat has been eliminated. *State v. O'Connell*, 275 N.W.2d 197, 205 (Iowa 1979) (stating jurors should "view the merits of the particular circumstantial evidence presented without the restriction based on an outmoded generality"); *see also* Iowa R. App. P. 6.904(3)(p) ("Direct and circumstantial evidence are equally probative.").

Second, this case is distinguishable from *Creighton* on its facts. In *Creighton*, the record was "completely silent" on whether the defendant was intoxicated when he crashed his car into the ditch. *Creighton*, 201 N.W.2d at 473. The court noted only the police officer testified at trial, there was no evidence when the accident occurred, and no evidence refuted the claim that the defendant became intoxicated *after* the accident. *Id.* Unlike the defendants in *Creighton*, *State v. Binning*, No. 09-0866, 2010 WL 1375320, at *3 (Iowa Ct. App. Apr. 8, 2010), or *United States v. DuBois*, 645 F.2d 642, 644–45 (8th Cir. 1981), Kohlmeyer does not claim she consumed alcoholic beverages or became intoxicated *after* the accident, only that the evidence does not show she was intoxicated while she was operating a vehicle.

The record contains substantial evidence to support a finding that Kohlmeyer was intoxicated while she was operating the white SUV at the time of the collision, not merely afterward. First, there is direct evidence from which the jury could find that Kohlmeyer was intoxicated at the time of the collision. Uncontested evidence showed she had consumed part of a pitcher of beer shortly before the accident. Also, based upon direct testimony from witness Jackson, the jury could find that Kohlmeyer exhibited a physical sign of being

intoxicated at the collision scene, when she exited the vehicle and was unsteady on her feet. In addition, circumstantial evidence of Kohlmeyer's guilt was presented. *See Hopkins,* 576 N.W.2d at 378 (discussing that operation while intoxicated may be established by circumstantial evidence as well as direct evidence); *State v. Boleyn,* 547 N.W.2d 202, 205 (Iowa 1996) (same). Kohlmeyer operated a vehicle in such a manner as to run into the back of another vehicle. *See Truesdell,* 679 N.W.2d at 616 (considering the manner in which the defendant was driving in determining whether the defendant was under the influence of alcohol); *State v. Dominguez,* 482 N.W.2d 390, 392 (Iowa 1992) (same); *see also State v. Price*, 692 N.W.2d 1, 3 (Iowa 2005) ("[C]onduct and demeanor normally become important considerations in determining whether a person is 'under the influence' under the first component of the statute.").

Further, the jury could reasonably infer that Kohlmeyer left the scene to avoid being arrested for operating while intoxicated where nothing indicates she had any other reason for fleeing before police arrived. *See State v. Walker*, 499 N.W.2d 323, 325 (Iowa Ct. App. 1993) ("Leaving the scene of the collision is evidence of impaired judgment."). A defendant's lies to the police may also reveal knowledge of guilt. *See, e.g.*, *State v. Cox*, 500 N.W.2d 23, 25 (Iowa 1993) ("A false story told by a defendant to explain or deny a material fact against [her] is by itself an indication of guilt . . . .").

When all of this evidence is taken together, there was substantial evidence to support Kohlmeyer's intoxication while she was operating the white SUV, and the trial court did not err in denying her motion for judgment of acquittal or in submitting the case to the jury.

**B. Weight of the evidence**

The State first contends that Kohlmeyer's motion for new trial only raised the issue of substantial evidence—therefore not complying with Iowa Rule of Criminal Procedure 2.24 (2)(b)(6)—and does not preserve this issue for appeal. Upon review of the transcript of the hearing on the motion for new trial, we observe that the trial court was adequately apprised of Kohlmeyer's contention that the jury verdict was against the "weight of the evidence" standard; the trial court addressed this issue, and despite these words not being set out in the motion, we find that the issue is preserved for our review.

Iowa Rule of Criminal Procedure 2.24(2)(b)(6) allows the district court to grant a new trial "[w]hen the verdict is contrary to law or evidence." "Contrary to the evidence" under the rule means contrary to the weight of the evidence. *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). "The 'weight of the evidence' refers to 'a determination by the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other.'" *Id.* at 658 (alteration in original) (quoting *Tibbs v. Florida*, 457 U.S. 31, 37–38 (1982)). "This is a more stringent standard than the sufficiency-of-the-evidence standard." *Nguyen v. State*, 707 N.W.2d 317, 327 (Iowa 2005). "[The court] may weigh the evidence and consider the credibility of witnesses. If the court reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted, the verdict may be set aside and a new trial granted." *Ellis*, 578 N.W.2d at 658–59. The district court's discretion should be exercised with caution and invoked "only in exceptional cases in which the evidence preponderates heavily against the verdict." *Id.* at 659.

Based upon the evidence that was before the trial court, we cannot say that the greater weight of the evidence required granting Kohlmeyer's motion for new trial.  Thus, we find no abuse of discretion.

**AFFIRMED.**