# IN THE COURT OF APPEALS OF IOWA

No. 17-0171
Filed December 6, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KELLY BRYAN MALLOY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, John D. Ackerman, Judge.

A defendant challenges his convictions for operating while under the influence of methamphetamine and eluding.  **AFFIRMED.**

Priscilla E. Forsyth, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

Kelly Malloy drew the attention of Woodbury County Sheriff's deputies when he made an illegal U-turn on his "crotch rocket style" motorcycle in the early morning hours. As a result of a forty-minute, high-speed chase, the State charged Malloy with eluding and operating while intoxicated—second offense. A jury convicted him on both counts. On appeal Malloy claims the State offered insufficient evidence to show he was under the influence of methamphetamine. Malloy also argues he received ineffective assistance when his trial attorney did not object to an inexperienced officer's testimony regarding the horizontal gaze nystagmus (HGN) test. Because ample evidence supports the jury's verdicts and no prejudice resulted from counsel's inaction, we affirm.

## I.    Facts and Prior Proceedings

When Deputies Sage Lewis and Troy Tadlock saw Malloy make the illegal maneuver, they turned on the flashing lights and siren in their marked cruiser. But Malloy did not stop; instead he sped away from the deputies. Malloy led them on a lengthy chase, at times reaching ninety miles per hour in twenty-five-mile-per-hour speed zones. During the chase, the deputies noticed Malloy wobbled on the motorcycle; they suspected he might have a flat tire. Malloy also veered into the opposite lane of traffic a number of times.

Malloy pulled over when officers blocked off a portion of the highway. As Malloy dismounted the motorcycle, he lost his balance and fell down a steep ravine. While at the scene, officers examined Malloy's motorcycle and determined neither tire was flat. Malloy required emergency medical attention; he complained about pain in his knee and shoulder to emergency personnel and deputies at the

scene. When a paramedic removed Malloy's boot to examine his left leg, a drug-encrusted spoon fell out. While loading him into the ambulance, a paramedic noticed Malloy's eyes were red, and en route to the hospital, Malloy kept falling asleep.

Once at the hospital, the paramedic turned the spoon over to police. An officer used a field test kit to confirm the spoon was covered in methamphetamine residue. Deputy Michael Lenz performed an HGN test on Malloy and reported that all six signs indicated intoxication. Lenz also requested blood and urine samples from Malloy, but Malloy refused.

The State charged Malloy with first-degree eluding, driving while barred, operating while intoxicated—second offense, and third-degree theft. After the motorcycle owner clarified Malloy had permission to take the motorcycle, the State dismissed the theft charge. Malloy also pleaded guilty to driving while barred and stipulated he had a prior conviction for operating while intoxicated. The charges for eluding and operating while intoxicated proceeded to trial.

The jury convicted Malloy of first-degree eluding,[1] in violation of Iowa Code section 321.279(3) (2016), and operating while intoxicated,[2] in violation of section 321J.2. Malloy challenges both convictions on appeal.

---

[1] The State was required to prove the following elements: (1) On or about the 27th day of October, 2016, the defendant was driving a motor vehicle; (2) The defendant willfully failed to bring the motor vehicle to a stop or otherwise eluded or attempted to elude a marked official law enforcement vehicle driven by a uniformed peace officer after being given a visual and audible signal to stop (3) In doing so, the defendant exceeded the speed limit by twenty-five miles per hour or more (4) A the time the defendant was operating the motor vehicle the defendant (a) was under the influence of a controlled substance or (b) was knowingly in possession of a controlled substance.

[2] The State was required to prove the following elements: (1) On or about October 27, 2016, the defendant operated a motor vehicle, and (2) At that time, the defendant was under the influence of a controlled substance.

## II. Scope and Standards of Review

We review Malloy's challenge to the sufficiency of the evidence for errors at law. *See State v. Hansen*, 750 N.W.2d 111, 112 (Iowa 2008). We will uphold the jury's verdicts if they are supported by substantial evidence. *State v. Rooney,* 862 N.W.2d 367, 371 (Iowa 2015). We view the evidence in the light most favorable to the State and will deem it "substantial" if it could convince a rational jury the defendant was guilty beyond a reasonable doubt. *Id.*

We review Malloy's ineffective-assistance-of-counsel claim de novo. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We often preserve such claims for postconviction-relief proceedings where the applicant may develop supporting facts. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). But we may resolve the claims on direct appeal if the record is adequate. *Id.*

## III. Analysis

### A. Sufficiency of the Evidence

Malloy only challenges the proof he was under the influence of methamphetamine during the high-speed chase across Woodbury County. He provides pinpointed explanations for his headlong flight, his possession of the drug-encrusted spoon, and his bloodshot eyes. But we review the evidence in aggregate, not in isolation. After reviewing the record as a whole, we find sufficient support for the jury's conclusion that the State proved this element of both crimes beyond a reasonable doubt.

Reasonable jurors could have based their determination of guilt based on reports Malloy crossed the center line several times, drove at dangerous speeds, was unsteady on the motorcycle, and even hopped a center island. Malloy

counters that any traffic violations resulted from his evasive actions, not the influence of methamphetamine. He argues on appeal his flight can be explained because his license was barred and some people "just think it would be fun to try to out run the police." But we may infer impairment from a driver's flight. *See State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004); *see also State v. Dominguez*, 482 N.W.2d 390, 392 (Iowa 1992) (considering evidence of defendant's erratic driving as proof he was under the influence).

The jury was also entitled to consider Malloy's possession of drug paraphernalia at the time of the stop. Malloy tries to explain away the spoon by asserting "he was perhaps going to use it in the future . . . in case he ran into someone who had methamphetamine." But his explanation does not account for the methamphetamine residue already on the spoon. Finally, the jury was free to consider Malloy's refusal to provide a sample of blood or urine for chemical testing after Deputy Lenz invoked implied consent. *See State v. Massick*, 511 N.W.2d 384, 387 (Iowa 1994) (approving instruction that allowed jury to consider defendant's refusal of chemical testing in reaching its verdict).

Because the State offered substantial evidence Malloy was under the influence of methamphetamine when he eluded law enforcement, we decline to disturb the jury's verdicts.

### B. Ineffective Assistance of Counsel

Next Malloy argues he received ineffective assistance of counsel when his attorney did not object to Deputy Lenz's testimony regarding the HGN test because

Lenz is not a certified drug-recognition expert.[3] To succeed, Malloy must show by a preponderance of the evidence that (1) his counsel failed to perform an essential duty and (2) prejudice resulted. *See Thorndike*, 860 N.W.2d at 320. If Malloy is unable to show either element, then his claim fails. *See id.*

At trial, Deputy Lenz testified the HGN assessment was "one of the most accurate tests we have" for intoxication. On cross-examination, defense counsel questioned Lenz's understanding of the HGN test, asked if Lenz collected relevant background information, noted Lenz was not a certified drug recognition expert, challenged Lenz's understanding of drug recognition evaluations, and confirmed the HGN test is used to indicate use of alcohol and other depressants, but that methamphetamine is not a depressant. Counsel's strategy adequately deflated the probative value of the HGN testimony as to methamphetamine use. *See State v. Halstead*, 362 N.W.2d 504, 508 (Iowa 1985) ("Defendant is not entitled to perfect representation, but only to that which is within the range of normal competency.").

But even assuming counsel failed to perform an essential duty by not objecting to Lenz's testimony in full, we find no resulting prejudice. Prejudice requires Malloy show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *See Thorndike*, 860 N.W.2d at 320 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). As outlined above, there was ample evidence supporting Malloy's convictions for both crimes absent Lenz's testimony. Had counsel

---

[3] In his brief, Malloy inadvertently refers to Deputy Tadlock instead of Deputy Lenz.

objected and Lenz not testified about the HGN test, a different outcome would be improbable given the other evidence presented to the jury.

Because Malloy is unable to show prejudice resulting from the claimed breach in performance, his claim fails.  *See id.*

**AFFIRMED.**