# IN THE COURT OF APPEALS OF IOWA

No. 17-1764
Filed February 6, 2019

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**JEFFREY MICHAEL MOELLER,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Brook K. Jacobsen, District Associate Judge.

Jeffrey Moeller appeals his conviction for operating while intoxicated. **AFFIRMED.**

Chad R. Frese of Kaplan & Frese, LLP, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Jeffrey Moeller appeals his conviction for operating while intoxicated (OWI), third offense. Moeller claims the court abused its discretion by allowing a State witness to improperly offer an opinion on Moeller's intoxication and insufficient evidence supported the jury's verdict. We find the court did not abuse its discretion in allowing the witness to testify and substantial evidence supports the jury's verdict.

### I. Background Facts & Proceedings

Around 11:00 p.m. on May 13, 2017, law enforcement and emergency personnel responded to a single car collision call. It was a clear night, and the road, with a speed limit of fifty-five miles per hour, was in good condition with no road construction or visibility conditions to cause difficulty driving. Moeller was found belted into the driver seat of an overturned car; it appeared Moeller failed to negotiate a gradual curve in the road and flipped his vehicle. The curve does not have full-size warning signs but has reflector poles and a visible fog line along the edge. Moeller was initially unconscious after the crash but awoke while personnel worked to get him out of the car. After being extracted from his vehicle, Moeller was flown to a hospital by helicopter.

During treatment for the injuries at the scene and in the hospital, Moeller answered "no" to the investigating deputy's questions if he had anything to drink; "I don't know" to questions of what and where he had been drinking; and then refused to provide a blood or urine sample for testing. On May 23, law enforcement asked Moeller to turn himself in to be charged with OWI. On May 31, Moeller turned himself in and was processed into jail.

On July 5, the State filed a trial information charging Moeller with OWI, third offense.  In September, a jury trial was held.  During the trial, the first-responding officer testified he could not smell alcohol from an arm's length away but Moeller exhibited confusion.  Next, a deputy sheriff testified on the road conditions and the accident site.  A firefighter, who helped extract Moeller from his vehicle and held Moeller's head during emergency treatment, testified on his actions and conversation.  The investigating deputy also testified and portions of his body camera video were entered into evidence.  Both the firefighter and investigating deputy testified Moeller exhibited signs of intoxication and smelled of alcohol.  On September 14, the jury found Moeller guilty.  On October 27, Moeller was sentenced to 321J program residential placement for an indeterminate term of five years.  Moeller appeals.

## II.     Standard of Review

"We . . . review district court rulings on evidentiary issues for an abuse of discretion."  *Powers v. State*, 911 N.W.2d 774, 780 (Iowa 2018).  We review sufficiency of evidence claims for correction of errors at law.  *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014) (citation omitted).  We will uphold a verdict supported by substantial evidence in the record.  *State v. Showens*, 845 N.W.2d 436, 440 (Iowa 2014).  "Evidence is substantial when 'a rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt.'"  *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016) (quoting *State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997)).  We will consider all evidence in the record, including all reasonable inferences fairly drawn from the evidence, viewed in the light most

favorable to the State. *State v. Reed*, 875 N.W.2d 69, 704 (Iowa 2016). We consider both inculpatory and exculpatory evidence. *Id.*

### III.     Analysis

**A.     State witness.** Moeller claims the court abused its discretion by allowing an unqualified State witness to provide expert opinion testimony regarding his intoxication. Scott Wiersma, a firefighter and detention officer in the county sheriff's office, responded to the scene, operated the "jaws of life," and helped extract Moeller from the vehicle. Wiersma testified he observed Moeller had bloodshot, watery eyes and his breath smelled of alcohol during approximately ten minutes of face-to-face contact.

Moeller claims Wiersma was presented as an expert witness without the necessary training. While Wiersma testified as to receiving some training through school, his work in the sheriff's office, and as a security supervisor at the casino, he also testified as to his frequent and regular contact with intoxicated persons. The State asked Wiersma if he could form an opinion whether Moeller was under the influence of alcohol "based on all your contacts with intoxicated people throughout your various jobs and your training." The court overruled Moeller's objection given Wiersma's "prior testimony about his previous training and experience."

It is well settled that lay witnesses and those specially trained to recognize the characteristics of intoxicated persons may express an opinion regarding another's sobriety as long as they have an opportunity to observe the person. *State v. Murphy*, 451 N.W.2d 154, 156 (Iowa 1990). "[I]t has long been held that a witness, either lay or expert, may testify to an 'ultimate fact which the jury must

determine.'" *Id.* (quoting *Grismore v. Consol. Prods., Co.*, 5 N.W.2d 646, 663 (Iowa 1942)). During his testimony, the witness specified the training he had undergone and the signs he used to come to his opinion. Wiersma offered his personal observation as to Moeller's sobriety. The jury weighed his opinion based on the facts before it. The trial court was within its discretion in allowing the witness to offer his opinion for the jury to weigh.

**B.    Insufficient evidence.**  Moeller claims the State did not present sufficient evidence he was under the influence of alcohol when operating his motor vehicle. He states the most the jury could have concluded was he had been operating a vehicle involved in the accident and he "may have been drinking."

"[T]he determination of whether a person is under the influence of an alcoholic beverage is focused on the conduct and demeanor of the person . . . ." *State v. Hutton*, 796 N.W.2d 898, 904 (Iowa 2011). A person is "under the influence" when the person has been drinking alcohol and (1) his reason or mental ability has been affected, (2) he has impaired judgment, (3) he has visibly excited emotions, or (4) he has lost control of bodily actions or motions to any extent. *State v. Dominguez*, 482 N.W.2d 390, 392 (Iowa 1992). "The evidence of [the defendant's] driving could be used to prove that he was under the influence of alcohol." *Id.* The jury also could consider Moeller's refusal to submit to a chemical test. *See* Iowa Code § 321J.16 (2017).

Two emergency personnel with close, direct contact with Moeller—the firefighter holding his head after Moeller was pulled out of the car and the investigating deputy—noted Moeller had bloodshot, watery eyes and an odor of alcohol on his breath. The deputy and firefighter, who both had considerable

experience around intoxicated persons, had the opinion Moeller was under the influence of alcohol.  The jury could make a reasonable inference from the accident that Moeller lost control of his vehicle on a road in good condition with no obstructions on a clear, dry, spring night.  The officers did not have evidence of any attempt to stop or swerve or an external cause for Moeller's loss of control, leading to a reasonable inference Moller had impaired reason, judgment, or bodily control resulting in him driving off the road and flipping his vehicle.  Moeller refused to answer any question regarding his activities for the night and refused any alcohol testing.  When considering the evidence and reasonable inferences drawn therefrom in the light most favorable to the State, we find substantial evidence supports the jury finding Moeller got into the accident due to impairment from the influence of alcohol.

**AFFIRMED.**