**IN THE COURT OF APPEALS OF IOWA**

No. 22-1637
Filed July 13, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DMITRIY ALEXANDROVI ZENCHENKO,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Scott D. Strait, District Associate Judge.

Dmitriy Zenchenko challenges the sufficiency of the evidence supporting his conviction for operating while intoxicated. **AFFIRMED.**

Krisanne C. Weimer of Weimer Law, P.C., Council Bluffs, for appellant.

Brenna Bird, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

A jury found Dmitriy Zenchenko guilty of operating a motor vehicle while intoxicated in violation of Iowa Code section 321J.2(1)(a) (2021). Zenchenko appeals, challenging the sufficiency of the evidence supporting the guilty verdict.

A jury instruction required the State to prove two elements to establish the offense: (1) on or about the 9th day of August 2021, Zenchenko operated a motor vehicle; and (2) at that time, Zenchenko was under the influence of alcohol, drugs, or a combination of alcohol and drugs. As Zenchenko raised no objection to this marshaling instruction, it is the law of the case for purposes of reviewing the sufficiency of the evidence. *See State v. Mathis*, 971 N.W.2d 514, 518 (Iowa 2022) ("Where, as here, the defendant does not object to the marshaling instructions, the marshaling instructions are the law of the case for purposes of reviewing the sufficiency of the evidence.").

Zenchenko challenges the sufficiency of the evidence as to the first element—that he was operating the vehicle. As an alternative argument, Zenchenko asserts that, even if the State proved that he operated the vehicle, it failed to prove that he was under the influence at the time of the operation as opposed to later when witnesses came into contact with him.

We review challenges to the sufficiency of the evidence for errors at law. *Id.* at 516. We are highly deferential to the jury's verdict and are bound by that verdict if it is supported by substantial evidence. *Id.* "Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* at 516–17. "In determining whether the jury's verdict is supported by substantial evidence, we view the evidence in the light most

favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* at 517 (quoting *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017)).

The record reveals that, in the early morning hours of August 9, 2021, a 911 caller reported watching a semi-truck be driven into the ditch of interstate 80. Approximately twelve minutes later, a Pottawattamie County deputy sheriff responding to the 911 call arrived at the scene. The deputy found a semi-truck and attached trailer in the ditch and no one in the driver's seat of the truck. The deputy felt the engine bay of the truck and "it was still very warm." The deputy knocked on the truck window and noticed movement of the curtains separating the driver area and the sleeper area of the truck cab. A man, later identified as Zenchenko, came out of the sleeper portion of the truck cab, attempted to unlock the driver's side door of the truck, failed, and returned to the sleeper area. A short time later, an ambulance and rescue team arrived on the scene and were able to get Zenchenko to unlock and open the passenger door of the truck. Zenchenko was the only person in the locked truck. During the deputy's interactions with Zenchenko, the deputy began to suspect that Zenchenko was under the influence of alcohol. The deputy observed several signs of impairment during his interactions with Zenchenko. Zenchenko eventually admitted being drunk several times and stated that he had been drinking three hours before the accident. Zenchenko refused field sobriety tests. The deputy arrested Zenchenko. After being placed in the back of the deputy's patrol vehicle, Zenchenko attempted to open the door, pull his handcuffs apart, and bite them. A different deputy found an empty bottle of liquor and the keys to the truck in the sleeper portion of the truck.

We find this evidence sufficient to convince a reasonable trier of fact that Zenchenko operated the truck and that he was under the influence of alcohol at the time he operated it. A reasonable fact finder could conclude that Zenchenko, as the sole occupant found inside the locked truck with access to the keys twelve minutes after the truck was driven into the ditch, is the person who drove the truck into the ditch. And, the signs of intoxication witnessed by the deputy coupled with Zenchenko's repeated admissions that he was drunk and admission that he had been drinking three hours before the accident are sufficient to enable a reasonable fact finder to conclude that Zenchenko was in his intoxicated condition at the time he was operating the truck and drove it into the ditch.

Zenchenko relies heavily on *State v. Creighton* to argue there is insufficient evidence that he was intoxicated at the time he operated the truck. 201 N.W.2d 471, 473 (Iowa 1972). While *Creighton* bears a few similarities to this case, it is easily distinguishable. The primary similarity is that Zenchenko, like the defendant in *Creighton*, was involved in a single-vehicle accident consisting of driving a vehicle into a ditch along a highway. *See id.* From there, the similarities largely end. In *Creighton*, the supreme court found that there was sufficient evidence to permit a jury to find that Creighton was the driver of the vehicle because he was found "wandering about in the center of the highway" when a law enforcement officer arrived at the accident scene and he made admissions of being the driver. *Id.* at 472. While finding there was a factual dispute whether Creighton was intoxicated, the supreme court found insufficient evidence to permit a fact finder to conclude that Creighton was intoxicated at the time he was operating the vehicle. *Id.* at 473. However, in concluding that the record was "completely silent on [the]

vital point" of establishing intoxication at the time of operation, the supreme court noted: "There were no witnesses. We have no way of knowing when it occurred; how much later the highway patrolman arrived (he refused to say); or what transpired between the time of the accident and the time of arrest. This hardly meets the State's burden of proof." *Id.* Zenchenko's case differs significantly from the *Creighton* narrative. Unlike in *Creighton*, a witness observed the truck be driven into the ditch and reported it immediately, establishing when the accident occurred. Also unlike in *Creighton*, we know how much later a law enforcement officer arrived on the scene—twelve minutes. We also have evidence of what transpired between the time of the accident and the time of arrest. Zenchenko was alone in the locked truck with the keys to the truck in the sleeper area of the cab where he was found, providing circumstantial evidence that Zenchenko did not leave the truck after driving it into the ditch. Further, as to what transpired between the accident and contact with law enforcement, Zenchenko admitted that he was drunk and that his drinking took place three hours earlier—effectively foreclosing any suggestion that Zenchenko became intoxicated by drinking during the twelve-minute window between the accident and arrival of law enforcement.

Finding *Creighton* distinguishable on its facts, we conclude it does not compel a finding of insufficient evidence. To the contrary, we conclude there is sufficient evidence permitting a reasonable fact finder to conclude that Zenchenko was the operator of the truck and that he was under the influence of alcohol at the time of the operation. Therefore, we affirm his conviction for the offense charged.

**AFFIRMED.**